SHARP, Judge.
This is an appeal from the School Board of Orange County’s denial of a Petition for Administrative Hearing pursuant to section 120.57(1), Florida Statutes (Supp.1980), on the grounds that the Petition was not timely filed. We have jurisdiction.[1] National Advanced Systems Corporation (National) argues that the Petition was filed within the time required by the appropriate administrative rule. We agree and reverse.
Competitive bids relating to the purchase of data processing equipment were solicited by the Board. At a public meeting on June 24, 1980, the Board voted to accept another firm’s proposal as the “lowest and best”[2] bid. National’s regional sales manager, Michael Thomas, appeared at the meeting and presented arguments for accepting National’s bid.
On July 2,1980, National received a written notice of the Board’s decision in the form of a typewritten copy of the minutes of the public meeting. National’s Petition for Administrative Hearing was received by the Board on July 16, 1980, fourteen (14) days after appellant received the written notice. National was entitled to receive notice and the opportunity for a hearing pursuant to section 120.57(2), Florida Statutes (Supp.1980) because if it had made the “lowest and best bid,” the award to another party determined a matter of substantial interest to National. See section 120.52(2) and (10)(a), Florida Statutes (1979) and sections 120.54(5) and 120.57, Florida Statutes (Supp.1980).
The Board had not adopted a specific rule of procedure concerning the method or procedure to request a hearing by a party adversely affected by the Board’s actions. Therefore the model rules promulgated by the Administration Commission apply in this case. § 120.54(10), Fla.Stat. (Supp. 1980). Florida Administrative Code Rule 28-5.111 provides in part:
(1) Persons requesting a hearing on an Agency decision which does or may determine their substantial interest shall file a petition with the Agency within twenty-one (21) days of receipt of written notice of the decision, or within twenty-one (21) days of receipt of written notice of intent to render such decision; ...
(2) Any person who receives written notice of an agency decision or who receives written notice of intent to render a decision and who fails to request a hearing within twenty-one (21) days, shall have waived his right subsequently to request a hearing on such matters.
There was no evidence in the record to show that National received any written notice other than the minutes of the Board meeting. Therefore the Petition, filed within fourteen (14) days after receipt of the minutes, was timely.
Our decision is not intended to suggest a determination of the bid dispute. By reversing the Board’s denial of the Petition, we rule only that National should be afforded an opportunity to present evidence and arguments, pursuant to section 120.-57(l)(b)4, Florida Statutes (Supp.1980), that its bid was the “lowest and best” response to the bid document. Accordingly, this case is reversed and remanded to the School *1187 Board of Orange County with directions to conduct an administrative hearing.
REVERSED AND REMANDED.
COBB and COWART, JJ., concur.

. Florida Administrative Code Rule 6-1.12(5) provides in pertinent part:
In acceptance of bids, the school board shall accept the lowest and best bid.