470 So.2d 9 (1985)
K.D. EDWARDS, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
No. AX-93.
District Court of Appeal of Florida, First District.
March 22, 1985.
Paul D. Srygley, Tallahassee, for appellant.
Paul A. Rowell, Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which the Career Service Commission sustained appellant's dismissal from employment for sexual harassment. We affirm the order appealed.
An investigative interview was held after a female employee under appellant's supervision complained of sexual harassment. At the commencement of the interview appellant was instructed that the questions would relate "specifically and directly and narrowly ... to the performance of your official duties or fitness for office." Appellant was then cautioned that a refusal to answer such questions may be a violation of agency rules and could possibly lead to further disciplinary action.[1] During the *10 course of the interview appellant made various admissions, and he was subsequently advised that his employment was being terminated for specific instances of sexual harassment.[2] A Career Service Commission hearing was held, at which a transcript and tape recording of the investigative interview were admitted into evidence.
Appellant argues that his statements at the investigative interview were impermissibly compelled by the threat of disciplinary action, and that the statements therefore should not have been considered at the hearing before the Career Service Commission. In Kozerowitz v. Florida Real Estate Commission, 289 So.2d 391 (Fla. 1974), a case involving the revocation of a licensee's registration, it was indicated that the privilege against compelled self-incrimination applies in administrative proceedings of a "penal" character. Accord, Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla. 1973). However, in the present case appellant is a public employee rather than a licensee, and while a public employee may not be dismissed for declining to expressly waive the privilege against self-incrimination, a refusal to answer questions "specifically, directly, and narrowly relating to the performance of ... official duties" may serve as a permissible basis for dismissal. See Uniformed Sanitation Men Assoc. v. Commissioner of Sanitation of the City of New York, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968); Gardner v. Broderick, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968). Appellant was thus properly advised at the investigative interview as to the potential consequences should he decline to answer questions relating to his employment, and such advice did not thereafter preclude consideration of appellant's statements by the Career Service Commission.
The order appealed is affirmed.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Rule 22A-7.10(7)(b), FAC, provides that an employee may be dismissed for just cause including "insubordination; willful violation of ... agency rules; conduct unbecoming a public employee... .".
[2] Rule 15-3.01(6), FAC, establishes standards of disciplinary actions, including dismissal from employment, for instances of sexual harassment.