467 So.2d 1058 (1985)
MERCY HOSPITAL, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. 84-247.
District Court of Appeal of Florida, Third District.
April 23, 1985.
Lewis W. Fishman, Miami, for appellant.
William M. Furlow, Tallahassee, for appellee.
William A. Bell, Tallahassee, for Florida Hosp. Ass'n as amicus curiae.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
Mercy Hospital appeals a final order enforcing two administrative subpoenas duces tecum issued by the Florida Department of Professional Regulation [DPR] against the said hospital in connection with a DPR disciplinary investigation of two licensed Florida physicians. The central issue raised by this appeal is whether the in-hospital peer review committee reports and records and patient hospital records sought by these subpoenas are privileged under Florida law and not subject to production pursuant to DPR subpoena. For the reasons which follow, we conclude (1) the in-hospital peer review committee reports and records are not privileged and are subject *1059 to production pursuant to DPR subpoena under the circumstances of this case, and (2) the patient hospital records are privileged and are not subject to production pursuant to DPR subpoena without prior patient consent. We accordingly affirm in part and reverse in part.
The facts of this case are undisputed. On July 8, 1983, DPR issued two administrative subpoenas duces tecum to Herbert Long, the president of Mercy Hospital, pursuant to Section 455.223, Florida Statutes (1983), in connection with a disciplinary investigation of two licensed Florida physicians. This investigation, which began June 13, 1983, was prompted after Mercy Hospital notified DPR pursuant to Section 458.337(1)(a), Florida Statutes (1983), that Mercy Hospital had recently suspended the hospital staff privileges of these two physicians; the ensuing investigation of these physicians by DPR was, in turn, authorized by Section 455.225(1), Florida Statutes (1983). The first subpoena duces tecum commands the president of Mercy Hospital to produce for inspection and copying the following:
"Regarding the decision on 3/2/83 by the Board of Trustees, after considering the evidence, to revoke Medical Staff Privileges of Edward Georgia, M.D., please produce: any and all evidence (notes, reports, records, letters, and memorandums) including: (1) a letter of 7/14/82 to Bernard Tumarkin, M.D. from J. Nagy, R.N. and subsequently, meetings of 2  AD-Hoc Investigative Committee, 3  Executive Committee, 4  Ad-Hoc Hearing Committee, 5  Appellate Committee of Review, and the Board of Trustees. Supply only evidence which pertains to Dr. Georgia's revocation of staff privileges."
The second subpoena duces tecum commands the same president to produce the following:
"Medical Ethics Committe[e] Minutes; Medical Ethics Committee Report/Recommendation re: Jerome Waters, M.D.; Complete and Certified Medical Records:

 # 086247  Ernul # 068619  Williamson
 # 090934  Dupont # 087715  Schwartz
 # 083324  Walsh # 028968  Murrell
 # 081692  Jencks # 037841  Crudele"

R. 12.
On or about July 11, 1983, Mercy Hospital filed motions with DPR to invalidate and quash the above subpoenas; apparently the subpoenas were never complied with.
On July 28, 1983, DPR filed a petition, which was later amended, for enforcement of these subpoenas with the circuit court below pursuant to Sections 120.58(3), 120.69, Florida Statutes (1983). Mercy Hospital filed a response to the petition in which it claimed that the material sought by the subpoenas was privileged under Florida law. Specifically, Mercy Hospital contended (1) the peer-review reports and records ordered produced were privileged under (a) Section 768.40(4), Florida Statutes (1983), and (b) this court's decision in Dade County Medical Association v. Hlis, 372 So.2d 117 (Fla. 3d DCA 1979), and (2) the patient hospital records ordered produced were privileged under Section 395.017(3), Florida Statutes (1983), because DPR failed to obtain the consent of the patients involved. After conducting a full hearing below, in which the above facts were established, the trial court entered a final order granting the petition for enforcement and requiring Mercy Hospital to "produce all documents requested in the subject [s]ubpoenas [d]uces [t]ecum for the [p]etitioner's inspection and copying... ." The defendant Mercy Hospital appeals.
Turning first to the in-hospital peer review committees' reports and records sought by the subpoenas herein, we have no trouble in concluding that Section 768.40(4), Florida Statutes (1983), does not render this material privileged. This statute provides that such hospital committee reports and records "shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee... ." § 768.40(4), Fla. Stat. (1983) (emphasis added). By its very terms, the statute is applicable *1060 only to a "civil action brought against a provider of professional health services." Id. The instant proceeding, however, is not a "civil action" at all; it is an administrative disciplinary investigation being conducted by DPR against two licensed physicians in Florida. This investigation may, in turn, lead to administrative proceedings against the physicians before the Florida Board of Medical Examiners. Based on virtually identical facts, it has been held that a statute similar to the above is inapplicable to administrative disciplinary proceedings brought against a physician because such proceedings are not "civil actions." Unnamed Physician v. Commission on Medical Discipline, 285 Md. 1, 400 A.2d 396, cert. denied, 444 U.S. 868, 100 S.Ct. 142, 62 L.Ed.2d 92 (1979). Plainly, the above statute, by its very terms, is inapplicable to this case.
This conclusion, however, does not end our inquiry because in Dade County Medical Association v. Hlis, 372 So.2d at 119, we concluded that "[e]ven without a pertinent statute," such records and reports may not be subject to discovery. Although we specifically did not establish a general common law privilege of non-disclosure as to these records and reports, we laid down a narrow rule concerning the discovery of such material:
"We hold merely that, in view of what has been called `the overwhelming public interest in maintaining the confidentiality' of such records, ... the defendants have not made `the showing of exceptional necessity' or of `extraordinary circumstances' which is required to justify their production."
Id. at 121 (citations omitted). The Fourth District has since adopted this same rule. Segal v. Roberts, 380 So.2d 1049 (Fla. 4th DCA 1979), cert. denied, 388 So.2d 1117 (Fla. 1980).
In accordance with the rule as stated in Hlis, it is plain that DPR has made a showing of "exceptional necessity" or "extraordinary circumstances" sufficient to obtain discovery of these hospital peer review committee reports and records. Mercy Hospital, without dispute, has suspended hospital staff privileges for two licensed Florida physicians after having conducted an in-hospital peer review investigation of these physicians. To say the least, this action casts serious doubt on whether these physicians have the professional qualifications and competency to continue practicing medicine in Florida. DPR, in turn, is charged with the statutory responsibility of investigating and bringing charges against licensed physicians for possible disciplinary action before the Florida Board of Medical Examiners. We think the overwhelming public interest of protecting the consuming health care public from treatment by unqualified physicians requires the production of the materials sought in this case.[1]See § 458.301, Fla. Stat. (1983).
Turning next to the patient hospital records sought by the subpoenas herein, we think these records are privileged and confidential under the circumstances of this case. Section 395.017(3), Florida Statutes (1983), provides as follows:
"(3) Patient records shall have a privileged and confidential status and shall not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent to:
(a) Hospital personnel for use in connection with the treatment of the patient;
(b) Hospital personnel only for internal hospital administrative purposes associated with the treatment;
(c) The Hospital Cost Containment Board; or

*1061 (d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his legal representative."
Without dispute, no prior consent has been obtained by DPR for the patient hospital records sought by the subpoenas. Moreover, there is no basis for invoking the exception stated in subsection (d) above because, as previously stated, the instant proceeding is not a "civil ... action." It therefore follows that the patient hospital records herein are not subject to disclosure without prior patient consent under the above statute.
The order under review is affirmed insofar as it requires Mercy Hospital to produce the reports and records of the in-hospital peer review committees requested in the subpoenas duces tecum. The order under review is reversed insofar as it requires Mercy Hospital to produce patient hospital records requested in the subpoenas duces tecum, and the cause is remanded to the lower court with directions to quash the said subpoenas insofar as they order the production of this evidence.
Affirmed in part; reversed in part.
NOTES
[1] Such disclosure to DPR does not render the reports and records open for public inspection under the Public Records Act, Chapter 119, Florida Statutes (1983). Indeed, under Section 455.255(9), Florida Statutes (1983), such records and reports are made exempt from the Public Records Act unless (a) DPR or the probable cause panel makes an appropriate finding of probable cause for filing disciplinary proceedings against the physician involved, or (b) the physician waives any confidentiality in the records and reports.