516 So.2d 283 (1987)
David J. BURTON, D.M.D., P.A., David J. Burton, Individually, Petitioner,
v.
Bernadette BECKER and James Becker, Her Husband, Respondents.
TRUSTEES OF MEASE HOSPITAL, INC., d/b/a Mease Health Care, Petitioner,
v.
Bernadette BECKER and James Becker, Her Husband, Respondents.
87-451, 87-452.
District Court of Appeal of Florida, Second District.
November 6, 1987.
Rehearing Denied December 10, 1987.
James C. Hadaway and William Rutger of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Clearwater, for petitioner Burton.
Hugh N. Smith of Smith, Fuller & Dolcimascolo, P.A., Tampa, and John P. Frazer of Frazer & Hubbard, P.A., Dunedin, for petitioner Trustees of Mease Hosp., Inc.
Roland A. Rosello of Ferlita, Nutter & Rosello, P.A., Tampa, for respondents Becker.
RYDER, Judge.
These are consolidated petitions for writs of certiorari to review an order of the trial court which required petitioners Mease Hospital and Dr. Burton, defendants in a medical malpractice action, to produce medical and peer review records which are claimed to be protected by various statutory privileges. We have jurisdiction. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). For the reasons stated below, we grant the petitions, affirm in part and quash in part the order requiring production, and remand for further proceedings consistent with this opinion.
*284 First, we address that part of the trial court's order which required production of all medical records pertaining to the treatment Dr. Burton received for drug abuse. Petitioners assert that these records are privileged under sections 90.503, 395.011, 395.017, 397.053, 455.241 and 768.40, Florida Statutes (1985).
In section 90.503 the legislature created a privilege for confidential communications between psychotherapist and patient. This privilege encompasses confidential communications and records "made for the purpose of diagnosis or treatment of [a patient's] mental or emotional condition, including alcoholism and other drug addiction... ." § 90.503(2), Fla. Stat. (1985). In section 397.053(1), the legislature further provided that treatment records of drug dependents "whether inpatient, intermediate, or outpatient, shall remain confidential, and information which has been entered in the records shall be considered confidential information." § 397.053(1), Fla. Stat. (1985). In section 397.053(2), however, the legislature determined that disclosure of such treatment records may be made:
without consent [of the patient] upon court order for purposes unrelated to treatment after application showing good cause therefor. In determining whether there is good cause for disclosure, the court shall weigh the need for the information to be disclosed against the possible harm of disclosure to the person to whom such information pertains. [Emphasis added.]
§ 397.053(2), Fla. Stat. (1985). See also § 395.017(3)(d), Fla. Stat. (1985) (patient's hospital records may be disclosed without consent "[i]n any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient... .").
Thus, it appears that the legislature has determined that trial courts, upon good cause shown, may order disclosure of communications between a psychotherapist and patient when those communications have become part of a drug abuse treatment record of a treatment resource, such as Mease Hospital.
With this interplay of statutory privileges in mind, we now turn to whether respondents demonstrated "good cause" for disclosure of the records created during the treatment of Dr. Burton for drug addiction. Based upon the record before us, we cannot conclude that the trial court departed from the essential requirements of law in ordering the production of these records. Dr. Burton's drug treatment records are relevant to respondents' cause of action and the record does not demonstrate that such records are cumulative or that disclosure will harm Dr. Burton in a manner not within the statutes' contemplation. Cf. Hall v. Spencer, 472 So.2d 1205 (Fla. 4th DCA), rev. denied, 479 So.2d 118 (Fla. 1985) (plaintiff's need for defendant's alcohol abuse treatment records, which are protected by virtually identical provision of section 396.112, Florida Statutes (1983), pertaining to treatment records of alcohol abusers, was outweighed by defendant's interest in confidentiality, where information sought to be disclosed was "at best cumulative"). Accordingly, we affirm the trial court's order which required the production of records associated with the treatment Dr. Burton received for drug abuse.
Next, we address that portion of the trial court's order which required the production of Dr. Burton's peer review records made by Mease Hospital. Section 768.40(5), relating to the confidentiality of records made by a medical review committee, provides:
The investigations, proceedings, and records of a committee ... shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such *285 committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings.
§ 768.40(5), Fla. Stat. (1985). See also § 395.011(9), Fla. Stat. (1985) (identical provision in statute governing hospital staff membership privileges). Our supreme court has stated that the confidentiality of medical peer review committees outweighs the need of civil litigants to discovery even when the information is essential to their causes. See Holly v. Auld, 450 So.2d 217 (Fla. 1984) (holding that such privilege is not limited to medical malpractice actions and includes defamation actions).
Nothing in chapter 119, relating to public records, or chapter 458, relating to the regulation of the medical profession, would permit discovery of medical peer review committee records, even though such records would be admissible in a disciplinary proceeding against a health care provider. See Mercy Hospital v. Department of Professional Regulation, Board of Medical Examiners, 467 So.2d 1058 (Fla. 3d DCA 1985); City of Williston v. Roadlander, 425 So.2d 1175 (Fla. 1st DCA 1983).
Although the records of the medical peer review committee proceedings are not subject to discovery, the medical records which are otherwise subject to disclosure under section 397.053(2) and which may have been relied upon by such committee are expressly exempt from the privilege under section 768.40(5).
Accordingly, we hold that the trial court departed from the essential requirement of law in ordering production of the medical peer review committee records.
In sum, we grant the petitions for writs of certiorari and affirm that part of the trial court's order which required production of Dr. Burton's medical records for drug abuse treatment, and quash that part of the order which required production of the medical peer review committee's records. The cause is remanded to the trial court for further proceedings consistent with this opinion.
Petitions for writs of certiorari granted.
DANAHY, C.J., and FRANK, J., concur.