527 So.2d 868 (1988)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Steven A. CORBIN, Appellee.
No. 87-324.
District Court of Appeal of Florida, First District.
June 17, 1988.
Rehearing Denied July 25, 1988.
*870 Enoch J. Whitney, Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for appellant.
Robert A. Pell, Asst. Gen. Counsel, Florida Police Benevolent Ass'n, Inc., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant, Department of Highway Safety and Motor Vehicles (agency), seeks review of a final order entered by the Public Employees Relations Commission (PERC), vacating the eight-hour suspension of Steven A. Corbin, a state highway patrol trooper, and awarding him a reasonable attorney's fee and costs. In this case we are asked to determine whether the hearing officer and PERC correctly applied the "accident report privilege," section 316.066, Florida Statutes (1986 Supp.), to bar use of the trooper's report of his own accident against him in disciplinary proceedings by the agency. We affirm.
On August 2, 1986, at approximately 5:00 a.m., Corbin was travelling in his patrol car east at approximately 55 mph in a 55 mph speed zone on U.S. Highway 90 near Quincy when he came upon a large cardboard box lying in the center of his path. In swerving to avoid collision with the box, he lost control of his vehicle, which eventually came to rest against a utility pole and advertising sign. No other cars were involved in the accident, and Corbin was not injured, but there was approximately $4,000 in property damage to the vehicle, utility pole, and advertising sign. Except for Corbin, there were no eyewitnesses to the accident.
Lieutenant Sexton investigated the accident and filed a Florida Accident Report. Based solely on information obtained at the scene of the accident from Corbin, the agency concluded that he had caused the automobile accident by driving too fast in foggy weather and subsequently suspended him.
Thereafter, Corbin requested a hearing before PERC at which, over objection, he invoked the accident report privilege. The agency's case was based almost exclusively on statements allegedly made by Corbin at the scene of the accident which he denied making at the hearing. Corbin testified that the accident occurred while he was in the midst of a heavy patch of fog which caught him by surprise as he had not seen any other fog that morning. According to Sexton's proffered testimony, Corbin had told him that it was very foggy in patches on Highway 90 and throughout the county that morning.
Corbin prevailed before both the hearing officer and PERC. On appeal, the agency asserts that it was error to permit Corbin to invoke the accident report privilege.
Section 316.066, Florida Statutes (1986 Supp.), requires the driver of a vehicle involved in an accident resulting in bodily injury, death, or property damage totalling $100 or more to forward within five days a written report of the accident to the Department of Highway Safety and Motor Vehicles. This requirement is excused when the investigating officer himself makes a written report of the accident. As to such report, section 316.066(4) provides in pertinent part:
Each accident report made by a person involved in an accident shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies *871 having use of the records for accident prevention purposes, ... . No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, ... .
In its final order vacating appellee's eight-hour suspension, PERC responded in the following manner to appellant's argument that the above privilege should not apply in an administrative hearing:
We reluctantly disagree with the Agency. We do not believe the Legislature intended the accident report privilege to be applied to the factual setting at issue in this case. Moreover, a different result may well have been reached by the hearing officer and the Commission had the accident report and Corbin's related statements been admitted for consideration. Unfortunately, we see no way to avoid the application of the Model Rule, Florida Administrative Code Rule 28-5.304, which specifically provides that "the rules of privilege shall be effective to the same extent that they are now or hereafter may be recognized in Civil Actions." In the absence of a specific rule on the subject, this Commission is required to apply the Model Rule and therefore to apply the accident report privilege to this case.
In its first issue on appeal, the agency asserts that PERC "erred in concluding that the accident report privilege is applicable to an administrative review of an employee disciplinary action." However, PERC's order is not predicated on its interpretation of the accident report privilege, but rather on its duty to apply Model Rule 28-5.304. We agree with PERC that under the provisions of section 120.54(10), Florida Statutes (1986 Supp.), it was obligated to apply the above model rule in the absence of its own rule on the subject. This section states in pertinent part that "the appropriate model rules shall be the rules of procedure for each agency subject to this act to the extent that each agency does not adopt a specific rule of procedure covering the subject matter contained in the model rules applicable to that agency." See also Citizens of Florida v. Mayo, 357 So.2d 731 (Fla. 1978); Broward County Classroom Teachers Ass'n, Inc. v. Public Emp. Relations Commission, 331 So.2d 342 (Fla. 1st DCA 1976), cert. den., 341 So.2d 1080 (Fla. 1976); and National Advanced Systems Corp. v. School Board of Orange County, 397 So.2d 1185 (Fla. 5th DCA 1981). We therefore affirm PERC's order to the extent that it is based on its duty to apply Model Rule 28-5.304, Florida Administrative Code.
We note that the agency has not challenged the validity of Model Rule 28-5.304, either below or on appeal, and neither will we address the issue. However, we are compelled to respond to arguments generated by PERC's statement in its order, with which the agency is in accord, that it "[did] not believe the Legislature intended the accident report privilege to be applied to the factual setting at issue in this case." Initially we note that the hearing officer presented a well-reasoned analysis for concluding that the privilege was applicable in the present case and that PERC's contrary statement was made gratuitously and merely in passing, in light of its determination that the case was controlled by Model Rule 28-5.304.
The purpose of the accident report privilege contained in section 316.066(4) is to encourage people to make a true report of the accident in order to facilitate the ascertainment of the cause of accidents, thus furthering the state's ultimate goal of making the highways safer for all of society. State v. Coffey, 212 So.2d 632 (Fla. 1968), receded from on other grounds, Brackin v. Boles, 452 So.2d 540 (Fla. 1984), and Wise v. Western Union Telegraph Company, 177 So.2d 765 (Fla. 1st DCA 1965).
It is a well-established principle of constitutional law that a person cannot be compelled to testify against himself unless he has been granted immunity from federal and state use of the compelled testimony or its fruits in connection with a criminal prosecution against him. Gardner v. Broderick, 392 U.S. 273, 20 L.Ed.2d 1082, 88 S.Ct. 1913 (1968). Section 316.066 compels the driver of an automobile involved in an accident *872 to provide potentially self-incriminating testimony as to the circumstances surrounding the accident, but it also immunizes the testimony from subsequent use in a criminal prosecution against the driver. If the protection provided in section 316.066(4) was no broader than the privilege against self-incrimination, we would be persuaded by appellant's argument. However, the coerced testimony which forms a basis for the accident report is also immunized from use in any civil trial arising out of the accident. By extending the privilege to civil trials, the legislature has manifested its choice between two competing goals  on the one hand, safer highways for society, and on the other, unrestricted availability of the product of the state's investigative processes by litigants, for example, automobile accident victims seeking recovery of tort damages.
If, in the furtherance of its goal, the legislature was willing to bear the risk that a negligent driver in a tort action might escape financial responsibility for his negligence, then it is probable that it also intended to bear the risk that a state employee in a disciplinary proceeding might go undisciplined for his negligent driving. If a public employee knows that his statements to an officer investigating the accident can be used to discharge him, he will be less motivated to be truthful, and the state's goal of obtaining accurate accident data will be frustrated. Protecting the employee from the consequences of his statutorily mandated disclosures serves the statute's purpose of insuring the receipt of accurate information.
It is a cardinal rule of statutory construction that legislative intent is the polestar by which the court must be guided, and this intent must be given effect even though it may contradict the strict letter of the statute. Satz v. Blankenship, 407 So.2d 396 (Fla. 4th DCA 1981), rev. den., 413 So.2d 877 (Fla. 1982); State v. Webb, 398 So.2d 820 (Fla. 1981). In the present case, to narrowly interpret the accident report privilege as being applicable only in criminal and civil "trials," in the literal sense of these terms, but not in administrative proceedings, would be to substantially diminish its effectiveness to accomplish the purposes for which the privilege was created. The more acceptable view, in our opinion, as to this particular statute, is that the accident report privilege is applicable in an administrative disciplinary proceeding brought against a state employee. Cf. Mercy Hosp. v. Dept. of Professional Reg., 467 So.2d 1058 (Fla. 3d DCA 1985) (statutory privilege preventing use of in-hospital peer review committee reports in "civil action" not applicable in administrative disciplinary proceeding brought against two licensed Florida physicians, since that proceeding is not "civil action").
We agree with appellant that the accident report privilege is more substantive in nature than procedural. Its purpose is to further a broader social goal which is unrelated to the administration of justice and more distantly removed from the judiciary. While the privilege does operate to exclude evidence, its purpose is not to promote a fair settlement of a dispute, for it excludes consideration of competent and relevant evidence, rather than evidence which is unreliable, prejudicial, or misleading. However, we discern no policy reason for not applying the privilege in the case now before us. We note that Professor Davis, a renowned scholar in administrative law, is of the opinion that "[a]ny privilege that is based on substantive policy is obviously as appropriate for an agency proceeding as for a court proceeding." K. Davis 3 Administrative Law Treatise § 16.10 (1980).
The accident report privilege does not prevent the agency from conducting a disciplinary investigation. Independent of his statements made to the officer investigating the accident, Corbin was required to answer questions posed by his employer as to the circumstances surrounding the accident. If a public employee fails to answer questions specifically, directly, and narrowly relating to the performance of his official duties, he is subject to dismissal at the discretion of the agency. See, Edwards v. Dept. of Highway Safety, 470 So.2d 9 (Fla. 1st DCA 1985), rev. den. 476 So.2d 673 (Fla. 1985); Gardner v. Broderick, supra. *873 The facts of this case do not present this issue, however, for Corbin never refused to answer the agency's questions relating to the accident. As a matter of fact, he testified at the hearing, describing in detail the events leading up to the accident. He simply denied making the incriminating statements attributed to him by the officer investigating the accident. Therein lies the rub, for without the officer's testimony and the accident report itself, there is insufficient evidence to conclude that the employee negligently caused the accident.
Appellant also contends that PERC erred in awarding attorney's fees and costs to Corbin in contravention of its own rule requiring a timely request by motion. We disagree.
Florida Administrative Code Rule 38D-24.013 states:
Applicability of Rule Chapter 38D-14 to Career Service Appeals. Rule Chapter 38D-14 shall govern Commission consideration of consolidation of career service cases, introduction of evidence, rights of parties at hearing, the recommended order, discovery and subpoena, and disruption of hearing.
In addition to the subjects listed above, Chapter 38D-14 also covers "notice of hearing, pre-hearing order, preservation of testimony, and attorney's fees, expert witness fees, and costs of litigation." Therefore, contrary to appellant's assumption, PERC has not adopted the fee provision of Chapter 38D-14 with respect to Career Service Appeals.
In connection with the award of attorney's fees and costs, we also observe that PERC prepared a notice of hearing in this case in which it stated in pertinent part:
10. In appeals involving suspension or dismissal of the employee, the Commission will normally award attorney's fees and costs if the employee is fully sustained, without the necessity for the filing of a motion for such fees and costs. The amount of such an award will be determined in accordance with Florida Administrative Code Rule 38D-14.04(3) [presently 38D-14.004(3)].
Rule 38D-14.004(1) and (2) require the filing of a motion for attorney's fees prior to the close of the evidentiary hearing and the inclusion of a recommendation on the motion in the hearing officer's recommended order. However, these two sections upon which appellant relies were not mentioned in PERC's notice, only section (3) which sets forth the procedure for determining the amount of the fee to be awarded after PERC has decided that a fee award is appropriate. We find therefore that PERC's conduct was consistent with its rules in effect. We also find that appellant was on notice of PERC's intention to award attorney's fees and costs and did not object to the award until after a final order had been entered. Accordingly, the fee and cost award is affirmed.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.