556 So.2d 831 (1990)
TARPON SPRINGS GENERAL HOSPITAL, Petitioner,
v.
Thomas P. HUDAK, Respondent.
No. 89-02802.
District Court of Appeal of Florida, Second District.
February 16, 1990.
Janet W. Adams, Orlando, for petitioner.
John R. Feegel, Tampa, for respondent.
DANAHY, Acting Chief Judge.
Tarpon Springs General Hospital, the petitioner, has filed a petition for writ of certiorari requesting our review of an order of the trial court directing the petitioner to produce the application for staff privileges of Dr. Cezar Perez that would have been in effect in February 1986 and any previous applications for staff privileges by Dr. Perez if such previous applications would be required to reasonably understand the February 1986 application. We grant the writ and quash the trial court's order.
The order under review was entered in an action for medical malpractice brought by the respondent against the petitioner and Dr. Perez. The respondent alleged that Dr. Perez negligently administered a spinal anesthetic to the respondent, causing injuries. Additionally, the respondent alleged that the petitioner was negligent in granting privileges to Dr. Perez for the *832 purposes of administering spinal anesthesia and otherwise negligently checking his credentials.
The respondent sought production by the petitioner of Dr. Perez' application for staff privileges when he first applied and any renewal applications, including the application that would have been in effect in 1986 at the time of the incident in question. The petitioner resisted the respondent's request for production and the respondent filed a motion to compel. The order under review was entered in response to the motion to compel.
The petitioner asserts that the application of Dr. Perez for staff membership is privileged and not subject to production under the provisions of section 766.101, Florida Statutes (Supp. 1988) (formerly section 768.40), and section 395.011, Florida Statutes (Supp. 1988). Section 766.101 pertains to peer review by a hospital's medical review committee. Section 395.011 pertains to the granting of hospital staff membership privileges by a hospital's licensing board. These statutes contain similar provisions which are applicable here. Section 766.101(5) provides that the investigations, proceedings, and records of a medical review committee shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of a evaluation and review by such committee. Section 395.011(9) provides that the investigations, proceedings, and records of a hospital's licensing board shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of matters which are the subject of evaluation and review by such board.
The petitioner claims the privileges granted by the statutes. We agree that they apply here and that a petition for writ of certiorari is appropriate to remedy situations in which hospitals have been wrongly ordered to disclose statutorily privileged documents. Burton v. Becker, 516 So.2d 283 (Fla. 2d DCA 1987).
The respondent's position is that a physician's application for staff membership privileges is not part of the "records" of a medical review committee or a staff membership licensing board. We disagree. Such an application must necessarily be part of the records and certainly falls within the policy considerations reflected in the statutes. Emphasizing the strength of the legislative policy, the supreme court observed in Holly v. Auld, 450 So.2d 217 (Fla. 1984), that:
Inevitably, such a discovery privilege will impinge upon the rights of some civil litigants to discovery of information which might be helpful, or even essential, to their causes. We must assume that the legislature balanced this potential detriment against the potential for health care cost containment offered by effective self-policing by the medical community and found the latter to be of greater weight. It is precisely this sort of policy judgment which is exclusively the province of the legislature rather than the courts.
Id. at 220.
For the foregoing reasons, we grant the petition for writ of certiorari and quash the order of the trial court ordering the petitioner to produce applications by Dr. Perez for staff privileges. This cause is remanded to the trial court for further proceedings consistent with this opinion.[*]
Petition for writ of certiorari granted.
LEHAN and ALTENBERND, JJ., concur.
NOTES
[*] We are aware of the provisions of section 766.110, Florida Statutes (1989) (formerly section 768.60), dealing with the liability of health care facilities for failing to fulfill the duty to assure competence of their medical staff. However, the respondent has not pled under this statute and has not mentioned it in his response. Accordingly, we do not address its applicability, if any, to the issues raised herein.