560 So.2d 1313 (1990)
JACKSONVILLE MEDICAL CENTER, INC., Petitioner,
v.
Dottie AKERS and Russell Akers, Her Husband, Respondents.
No. 89-3372.
District Court of Appeal of Florida, First District.
April 27, 1990.
Rehearing Denied June 5, 1990.
*1314 Michael C. Pendley and Michael J. Davie, of Bullock & Childs, P.A., and Robert C. Gobelman, Jacksonville, for petitioner.
Thomas E. Duffy, Jr., of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, P.A., Jacksonville, for respondents.
ERVIN, Judge.
Petitioner, Jacksonville Medical Center, Inc. (JMC), filed a petition for writ of certiorari seeking review of the trial court's order compelling JMC to produce documents requested by respondents Dottie Akers and Russell Akers in an underlying medical malpractice action which respondents brought against JMC, Dr. Robert C. Brown, Jr., and Dr. Robert C. Brown, Jr., P.A. We grant the petition only to the extent that the documents should be subjected to an in camera inspection by the trial court for the purpose stated infra. Otherwise, the petition is denied.
The Akers requested that both JMC and Dr. Brown produce Dr. Brown's applications *1315 for appointment to the medical staff of JMC and renewal of staff privileges, along with supporting documentation. JMC objected, asserting that such materials are privileged pursuant to Section 395.011(9), Florida Statutes (1989), and Section 766.101(5), Florida Statutes (1989). Dr. Brown, however, complied with the request, and following his production of the application for appointment to the medical staff, the Akers served a request for admissions upon JMC, requesting JMC to confirm that the application was a true copy of the original on file with the hospital. At the same time, the Akers filed a motion to compel production of the documents. JMC subsequently denied the request for admissions for the reason that the copy submitted lacked supporting documentation which Dr. Brown had earlier presented with the original. The trial judge thereafter ordered JMC to produce the requested materials.
Sections 395.011(9) and 766.101(5) each prohibit discovery of investigations, proceedings, and records of a licensing board or medical review committee, respectively, in a civil action against a health care provider in which the cause of action arose from matters that were the subject of evaluation and review by the board or committee.[1] Included in each provision is the following exception:
However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee [or board].
(Emphasis added.) We conclude that Dr. Brown's applications and supporting documents fall within this exception.
The statutory immunity provisions were enacted to ensure an environment of candor and confidentiality in medical peer review proceedings. Feldman v. Glucroft, 522 So.2d 798, 800-01 (Fla. 1988) (quoting Holly v. Auld, 450 So.2d 217, 219-20 (Fla. 1984)). However, "[t]he shield of confidentiality protects only those words spoken within the four walls of the committee meeting itself and the records made as a direct result thereof. Anything else is discoverable and may be used as evidence at trial." Parkway Gen. Hosp., Inc. v. Allinson, 453 So.2d 123, 126 (Fla. 3d DCA 1984).
In the case at bar, Dr. Brown's applications are not exclusively the records of the hospital's licensing board or peer review committee; they were generated by Dr. Brown and submitted by him to the hospital for its consideration. Cf. Willing v. St. Joseph Hosp., 176 Ill. App.3d 737, 531 N.E.2d 824 (App.Ct. 1988) (comparable statutory privilege does not apply to applications for staff appointment and for specific privileges; applications are not part of the peer review process but are voluntarily submitted prior to such proceedings), appeal denied, 125 Ill.2d 575, 130 Ill.Dec. 490, 537 N.E.2d 819 (1989). The statutory exception within sections 395.011(9) and 766.101(5) explicitly underscores the distinction between records created by the internal hospital entity, and those produced by outside entities and considered by the hospital group. The exception prevents parties from "hiding" behind the shield of the statutory immunity provision when they are asked to produce documents that were generated by, and otherwise available from, outside sources. See David J. Burton, D.M.D., P.A. v. Becker, 516 So.2d 283 (Fla. 2d DCA 1987) (section 766.101(5), formerly section 768.40(5), exception to discovery privilege applies to medical records relied upon by medical review committee but which are otherwise available from drug treatment facility).
Here, the original source, Dr. Brown, has willingly complied with the discovery *1316 request; therefore JMC cannot in good faith claim that the same applications are simultaneously immune from discovery under the statutes. Clearly, in this case, production of the originals will not compromise the confidentiality of any proceedings conducted by JMC regarding Dr. Brown's application. In the event, however, that members of the hospital committee may have made notations upon those documents during their review or investigation, we direct the trial court to conduct an in camera inspection of the materials requested in order to determine whether any such entries fall within the statutory proscription and should therefore be deleted prior to production.
In so holding, we recognize that there is apparent conflict between our decision and Tarpon Springs Gen. Hosp. v. Hudak, 556 So.2d 831 (Fla. 2d DCA 1990), in which the Second District held that a physician's initial and renewal applications for staff privileges were immune from discovery under sections 766.101(5) and 395.011(9). There is no indication, however, in that opinion whether plaintiff sought discovery of the application from the original source, the physician, as here, and whether, therefore, the statutory exception could be applicable. If the Second District intended to hold that a physician's application for staff privileges is immune from discovery when such information may be obtained from the original source as well, we certify both our disagreement and our conflict with such decision.
The petition for writ of certiorari is granted to the extent stated, and the cause is remanded for further proceedings consistent with this opinion.
ZEHMER, J., concurs.
ALLEN, J., concurs in part and dissents in part.
ALLEN, Judge, concurring in part and dissenting in part,
I agree that the petition for certiorari should be granted, but I would quash the trial court's discovery order.
The rationale for the majority's decision seems to be that the "otherwise available from original sources" language in Sections 395.011(9) and 766.101(5), Florida Statutes, means that the only "documents" protected from discovery by these statutes are documents which have been created by the licensing board or medical review committee. I respectfully disagree. I read the language to merely mean that a document which a party secures from the original source is not inadmissible as evidence merely because the document, or a duplicate thereof, has been presented during proceedings of a board or committee. If the legislature had intended to limit "documents" to mean only documents created by a board or committee, then surely the legislature would have said so, rather than engage in the extended language quoted in the majority opinion.
It is most worthy of note that the phrase "otherwise available from original sources" modifies not only the term "documents," but also the terms "information" and "records." Therefore, it logically follows from the construction applied by the majority that "information" in the possession of a board or committee is outside the protection of the statutes, if such information has been secured from sources outside board or committee proceedings. Virtually all information upon which boards and committees rely comes from external sources. Consequently, the construction applied by the majority, carried to its logical conclusion, would appear to effectively eliminate the protections provided by the subject statutes.
The construction applied by the majority also appears to run afoul of the expansive interpretation placed upon the subject statutes' forerunners by our Supreme Court. See, Feldman v. Glucroft, 522 So.2d 798 (Fla. 1988), and Holly v. Auld, 450 So.2d 217 (Fla. 1984). The majority opinion also appears to be contrary to the holdings in Tarpon Springs Gen. Hosp. v. Hudak, 556 So.2d 831 (Fla. 2d DCA 1990), and Bay Medical Center v. Sapp, 535 So.2d 308 (Fla. 1st DCA 1988).
*1317 In accordance with my reading of the subject statutes and the opinions cited above, I would grant the petition for certiorari and quash the trial court's discovery order.
NOTES
[1] The Akers alleged in Count IV of their complaint that JMC negligently selected and retained Dr. Brown on its staff.