570 So.2d 1322 (1990)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
KREJCI COMPANY, INC. D/B/a Scarlett O'Hara's, Respondent.
No. 89-01794.
District Court of Appeal of Florida, Second District.
June 8, 1990.
Rehearing Denied July 17, 1990.
I. Ed Pantaleon, Asst. Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for petitioner.
C. Wade Yeakle, III of Yeakle & Watson, P.A., St. Petersburg, for respondent.
PER CURIAM.
The Department of Highway Safety and Motor Vehicles petitions this court for a *1323 writ of certiorari to review an order that required it to produce certain driver's license photographs. For the reasons stated below, we deny the petition.
The respondent (Scarlett O'Hara's), an establishment that serves alcoholic beverages, is the defendant in a civil personal injury action. The plaintiff in that action was a minor at the time she sustained injuries in an automobile accident after she had left Scarlett O'Hara's. She has contended that Scarlett O'Hara's is liable for her injuries because it sold her alcoholic beverages while she was a minor. See § 562.11, Fla. Stat. (1987). Scarlett O'Hara's defense is that she used her sister's driver's license to obtain entrance into its establishment. See § 562.11(1)(b), Fla. Stat. (1987). In pursuit of this defense, Scarlett O'Hara's subpoenaed the Department of Highway Safety and Motor Vehicles to produce the driver's license photographic records of the plaintiff and her sister. The department denied the request for the photographs on the basis of section 322.142(4), Florida Statutes (1987). Scarlett O'Hara's filed a motion for contempt to which the department responded. After a hearing on the motion, the trial court issued an order in which it found that the requested documents were not exempt from chapter 119, the Public Records Act; that Scarlett O'Hara's had a legitimate reason for seeking the items; and thus, the department was required to produce the photographs and records.
The general state policy underlying chapter 119 is that all public records be open for inspection by any person at any reasonable time and under any reasonable conditions. §§ 119.01(1) and 119.07(1)(a), Fla. Stat. (1987). Section 119.07(3)(a), Florida Statutes (1987), however, provides: "All public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the provision of subsection (1)."
The department contends, and we agree, that section 322.142(4), Florida Statutes (1987), exempts its photographic records from the Public Records Act. Section 322.142(4), relating to color photographic driver's licenses, provides:
The department [of Highway Safety and Motor Vehicles] shall maintain a film negative or print file. Prints from the file shall be made and issued only for departmental administrative purposes, for the issuance of duplicate licenses, or in response to law enforcement agency requests approved by the department. Each request from a law enforcement agency shall be submitted in writing by the head of the agency or his designated representative. It shall contain a brief explanation of the case and a statement that the case involves an active felony investigation and that a photograph of the licensee is not otherwise available.
It is clear the legislature intended that the photographic records maintained by the petitioner be made and issued only for the specific instances set forth in the statute. Additionally, petitioner has pointed us to a staff analysis by the Senate Transportation Committee, dated December 28, 1988, in which it was recommended that the exemption to the Public Records Act contained in section 322.142(4) be revived and readopted. This analysis was prepared in connection with the systematic review of exemptions to the Public Records Act pursuant to section 119.14, Florida Statutes, which provides that exemptions are automatically repealed by a certain date unless revived and readopted. See §§ 119.14(2) and (3)(a), Fla. Stat. (1987). We note that the legislature readopted the exemption contained in section 322.142(4), effective October 1, 1989. See Ch. 89-90, § 4, Laws of Fla. The current section 322.142(4), Florida Statutes (1989), now contains uniform language which clearly states the exemption, as required by section 119.14(4)(e).
Although we conclude that the driver's license photographic records are exempt from public inspection, we do not agree that the legislature intended such records to be free from discovery in a civil *1324 action under appropriate circumstances. Cf. Kerr v. United States District Court for Northern District of California, 511 F.2d 192 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (exceptions to disclosure in Freedom of Information Act not intended to create evidentiary privileges for civil discovery; exceptions intended only to permit withholding certain types of information from public generally).
For example, the legislature has exempted the records of medical review committees from public inspection. § 119.07(3)(z), Fla. Stat. (1989). It has also provided that such records are not subject to discovery or introduction into evidence in a civil action against a health care provider. § 766.101(5), Fla. Stat. (1989); Burton v. Becker, 516 So.2d 283 (Fla.2d DCA 1987). These medical review committee records, however, are not immune from discovery in administrative disciplinary actions where the party seeking such records has shown "exceptional necessity" or "extraordinary circumstances." Mercy Hospital v. Department of Professional Regulation, Board of Medical Examiners, 467 So.2d 1058, 1060 (Fla. 3d DCA 1985).
In Mercy Hospital, the Department of Professional Regulation subpoenaed the peer review records of the hospital in connection with a disciplinary investigation of two physicians that was initiated after the hospital had notified the department that it had recently suspended the physicians' staff privileges. The hospital claimed that the records were privileged by virtue of section 768.40(4), Florida Statutes (1983) (presently section 766.101(5)). The third district concluded that the peer review records were not beyond discovery because the disciplinary action against the physicians was not a civil action against a health care provider, as contemplated in the statute. Id. The court further reasoned that although there was no statutory privilege preventing the production of these records, because of the overwhelming public interest in maintaining the confidentiality of such records, they may be discovered only upon a "showing of exceptional necessity" or in "extraordinary circumstances." Id. (quoting Dade County Medical Ass'n. v. Hlis, 372 So.2d 117, 121 (Fla. 3d DCA 1979)). The court then held that the department had made the requisite showing to require production of the peer review records. Mercy Hospital, 467 So.2d at 1060.
Turning to the facts of the present case, we cannot deny that the department has an overwhelming interest in maintaining the confidentiality of the photographic records sought to be subpoenaed. There is no doubt that the possibility of fraudulent duplication of driver's license photographs is one of, if not the paramount, bases for the exemption from the Public Records Act. To permit the discovery of these records in the present case would not compromise these interests. See id. at n. 1 (disclosure of peer review records to department does not render records open for public inspection under Public Records Act).
Scarlett O'Hara's has a compelling interest in seeking the production of these photographic records. The legislature has provided a complete defense to the plaintiff's cause of action if Scarlett O'Hara's can prove that the plaintiff
falsely evidenced that [she] was of legal age to purchase or consume the alcoholic beverage and the appearance of the person was such that an ordinarily prudent person would believe [her] to be of legal age to purchase or consume the alcoholic beverage and if the licensee carefully checked ... the person's driver's license, ... and acted in good faith and in reliance upon the representation and appearance of the person in the belief that [she] was of legal age to purchase or consume the alcoholic beverage.
§ 562.11(1)(b), Fla. Stat. (1987). It would be an anomaly, as Scarlett O'Hara's argues the facts of this case demonstrate, that the legislature would provide a defense, but *1325 prohibit it from obtaining the driver's license photographic records, if that were the only way of proving that defense. Cf. Burton, 516 So.2d at 285 ("... confidentiality of medical peer review records outweighs need of civil litigants for discovery even when information is essential to their causes."). It is uncontroverted that the department has the only driver's license photograph record of the plaintiff's sister as it existed at the time of the plaintiff's accident. It has been alleged, without dispute, that the sister's driver's license was found in the plaintiff's purse at the time of the accident. That driver's license is no longer available apparently because the sister has had her license renewed. Therefore, the department has the only record of the license and photograph as it was at the time of the accident. Under these facts, we conclude that Scarlett O'Hara's has shown an "exceptional necessity" or "extraordinary circumstances" requiring the production of these photographic records.
Further, we note that the trial court has attempted to ensure the confidentiality of the records by agreeing to Scarlett O'Hara's stipulation at the hearing that the records could be sealed.
Accordingly, we hold that the photographic records maintained by the department pursuant to section 322.142(4) are exempt from public inspection by virtue of section 119.07(3)(a). These records are subject to discovery in a civil action in exceptional circumstances and where the trial court takes all precaution to ensure the confidentiality of the records.
Petition for writ of certiorari denied.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.