PER CURIAM.
The Florida Highway Patrol (FHP) appeals a temporary restraining order (TRO) and an order denying a motion to dissolve that TRO. FHP sought to interview FHP Captain Terry R. McIntyre relating to a 1989 off-duty automobile accident involving McIntyre’s own personal vehicle. The accident caused no injuries to anyone other than McIntyre and the FHP conducted a review of the accident in 1989. McIntyre filed a suit for declaratory and injunctive relief alleging an unconstitutional invasion of his right to privacy under article I, section 23 of the' Florida Constitution. He sought and obtained a TRO precluding any interview with regard to the accident until his complaint could be adjudicated.
On appeal, FHP seeks a reversal in reliance upon this court’s decisions in Edwards v. Department of Highway Safety and Motor Vehicles, 470 So.2d 9, 10 (Fla. 1st DCA), rev. denied, 476 So.2d 673 (Fla.1985), and Department of Highway Safety and Motor Vehicles v. Corbin, 527 So.2d 868, 872 (Fla. 1st DCA), rev. denied, 534 So.2d 399 (Fla.1988), contending that McIntyre is required to answer questions specifically, directly, and narrowly relating to the performance of his official duties, and that he has no legitimate expectations to privacy involving the performance of job-related duties.[1] However, in the proceeding below, FHP failed to establish that the information it was seeking from McIntyre involved job-related matters, rather than personal matters in which he has a reasonable expectation of privacy. Thus, although we agree that FHP may interview McIntyre about matters directly relating to the performance of his official duties, we affirm the trial court’s order, as it has not been established that the TRO has no basis in the pleadings and the evidence, or is illegal. Coastal Unilube, Inc. v. Smith, 598 *454 So.2d 200 (Fla. 4th DCA 1992); Zuckerman v. Professional Writers of Florida, 398 So.2d 870 (Fla. 4th DCA), rev. denied, 411 So.2d 385 (Fla.1981); see also City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995). Our affirmance is without prejudice, however, to FHP seeking to interview Captain McIntyre with respect to matters which FHP establishes are job-related.
MINER, WOLF and VAN NORTWICK, JJ., concur.

. Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544, 547 (Fla.1985) (before the right to privacy attaches, the individual must establish a reasonable expectation of privacy exists).