702 So.2d 294 (1997)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
David J. PERRY, Respondent.
No. 97-2423.
District Court of Appeal of Florida, Fifth District.
December 12, 1997.
Enoch J. Whitney, General Counsel, and Rafael A. Centurion, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, for Petitioner.
Herbert H. Hall, Jr., Winter Garden, for Respondent.
W. SHARP, Judge.
The Department of Highway Safety and Motor Vehicles (Department) seeks certiorari review of an order of the circuit court, sitting in its appellate capacity, which granted certiorari below and quashed a final order of license suspension. We deny the writ, finding that the circuit court did not depart from the essential requirements of law, which would result in a miscarriage of justice.[1]
The issue in this case is whether Perry's admission that he was a driver of one of two cars involved in an accident, which was given to a police officer during an accident investigation, *295 was admissible in an administrative hearing held later, which resulted in the suspension of Perry's driver's license for six months. The officer did not read Perry his Miranda[2] warning before interviewing him. After completing the accident investigation, the police officer conducted a criminal investigation and concluded Perry was under the influence. The only basis of the officer's conclusion that Perry was driving the second car was Perry's admission made during the accident investigation.
In overturning the license suspension, the three judge circuit court panel relied upon section 316.066(4). It provides in part:
Except as specified in this subsection, each accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal. (emphasis added)
Since the only evidence that Perry was driving a vehicle during this accident was based on his admission during the investigation stage, the circuit court concluded it was not admissible and thus could not be used against Perry. Thus, the findings of the hearing officer suspending Perry's license were not supported by competent substantial evidence.
The Department contends the circuit court departed from the essential requirements of the law in applying the accident report privilege in section 316.066(4), Florida Statutes, to an administrative license suspension hearing. The Department argues the license suspension hearing conducted under section 322.2615, Florida Statutes, is governed by the Department's rules, chapter 15A-6, Florida Administrative Code, and is not subject to the provisions of Chapter 120, the Administrative Procedures Act. The Department asserts that the circuit court erred in applying Department of Highway Safety and Motor Vehicles v. Corbin, 527 So.2d 868 (Fla. 1st DCA 1988), rev. denied, 534 So.2d 399 (Fla. 1988) to this case.
We agree that the Corbin case is controlling. In Corbin, the Public Employee Relations Commission vacated an 8-hour suspension of a highway patrolman imposed by the Department. The only evidence in that case which supported the suspension came from statements made by the officer during an accident investigation conducted in preparation of the accident report. The Department sought certiorari review in the circuit court, claiming the statements of the officer could be used against him in an administrative disciplinary proceeding. The District Court of Appeal held that PERC properly applied the model rules (28-5.304) under the provisions of section 120.54(1), Florida Statutes, in finding the statements privileged.
The court in Corbin stressed the legislative intent in passing section 316.066(4) was to encourage true and uninhibited reporting of accidents, with the ultimate goal of making highways safer for all users of them. A contrary rule compelling a person to testify against himself in a criminal case, unless granted immunity, would run afoul of this state's constitutional protection, as well as that of the Federal Constitution.[3] But as the Corbin case points out, the statute is applicable to civil as well as criminal trials. It thus concluded that the statute must also be applied to administrative proceedings. The Department or any other agency cannot circumvent the reach of such a statute by enacting contrary rules. The substantive policy of such a statute applies to agency proceedings as well as court proceedings.[4]
As in the Corbin case, Perry did not admit during the administrative hearing that he had been a driver involved in the accident. The only evidence presented on this point came from his statements made during the accident investigation stage. Since those were privileged and inadmissible and were *296 properly and timely objected to, there was insufficient evidence to conclude he was a driver.
Petition for Writ of Certiorari DENIED.
PETERSON and ANTOON, JJ., concur.
NOTES
[1] Haines City Community Development v. Heggs, 658 So.2d 523 (Fla. 1995); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] Art. I, § 9, Fla. Const; U.S. Const. Amend. V.
[4] See K. Davis, 3 Administrative Law Treatise § 16.10 (1980).