835 So.2d 390 (2003)
Cal HENDERSON, as Sheriff of Hillsborough County, Florida, Petitioner,
v.
Gustavo PEREZ, Respondent.
No. 2D01-3468.
District Court of Appeal of Florida, Second District.
January 31, 2003.
*391 Thea L. Graber, Tampa, for Petitioner.
Michael Vincent Laurato of Austin & Laurato, Tampa, for Respondent.
FULMER, Judge.
Cal Henderson, as Sheriff of Hillsborough County, petitions this court for a writ of certiorari to quash that portion of a discovery order of the trial court which compels the sheriff's office to produce the home addresses and photographs of ten active law enforcement officers in a civil lawsuit filed by the respondent, Gustavo Perez. Because Perez did not make the showing of exceptional necessity or extraordinary circumstances that is required in order to obtain information exempted from disclosure by chapter 119, Florida Statutes (2001), we grant the petition, issue the writ, and quash that portion of the order which is the basis of the petition.
Perez filed a three-count complaint against the Sheriff alleging false imprisonment, malicious prosecution, and battery. His claims arose from an incident in which he was arrested for offenses that he did not commit. During the course of the litigation, Perez sought the personnel files of all of the Sheriff's employees who had any connection to his arrest. After redacting specific information, such as the employees' social security numbers, their children's day care facilities, their home addresses, and their photographs, the Sheriff made available the files of these employees, all of whom are active law enforcement officers. Perez filed a motion to compel the Sheriff to provide the redacted information, and the petitioner filed a response to the motion to compel and a motion for a protective order alleging that the redacted information is specifically exempted from disclosure under section *392 119.07(3)(l)(1). The trial court, after a hearing on the motions, ordered the Sheriff to provide the law enforcement officers' home addresses and photographs.
An order of the trial court in a civil case which requires a governmental or law enforcement agency to provide information that is exempt from disclosure under chapter 119 is reviewable pursuant to a petition for writ of certiorari. See Dep't of Highway Safety & Motor Vehicles v. Krejci Co., 570 So.2d 1322 (Fla. 2d DCA 1990). Such material may be discovered upon a showing of "exceptional necessity" or "extraordinary circumstances." Id. at 1324. In Krejci, the Krejci Company was sued by a plaintiff who had sustained injuries in an accident after leaving a bar owned by the company where she had been served alcoholic beverages while still a minor. The defense of the Krejci Company was that the plaintiff had used her sister's driver's license to purchase the alcoholic beverages. The only record of the sister's license and photograph as it was at the time of the accident was in the possession of the Department of Highway Safety and Motor Vehicles. The trial court ordered the Department to produce the driver's license photographic records of the plaintiff and her sister, and the Department sought certiorari review of the trial court's order. This court, in denying the petition for writ of certiorari, held that the materials sought were exempt from inspection under chapter 119 but that the Krejci Company had shown the exceptional necessity or extraordinary circumstances sufficient to require production of the documents.
In the present case, Perez asserted below that the requested materials were "essential to the plaintiff without making any showing of necessity. In his response to the petition, he argues that without the home addresses and photographs of the ten law enforcement officers, he will be unable to effectively investigate them and attack their credibility should they be witnesses. In Krejci, the information sought was shown to be essential to the Krejci Company's defense, whereas, in the present case, Perez has not shown that the photographs and home addresses of the law enforcement officers are essential to the prosecution of his suit.
Accordingly, because Perez made no showing of exceptional necessity or extraordinary circumstances, we grant the petition, issue the writ, and quash that portion of the order of the trial court requiring the disclosure of materials exempted from disclosure by section 119.07(3)(l)(1).
Petition granted.
BLUE, C.J., and DAVIS, J., Concur.