PER CURIAM.
The appellant John A. Spenkelink sought postconviction relief in the trial court under Florida Rule of Criminal Procedure 3.850. From a denial of relief by the trial court, he appeals that decision and requests a stay of execution pending a review by this Court.
This Court has afforded the appellant-defendant an opportunity to fully present the issues to this Court, including oral argument. The State has supplemented the record by furnishing this Court with a certified copy of the transcript of the voir dire examination of the jury.
We affirm the trial court’s denial of relief and accordingly deny the stay of execution.
The principal point raised by appellant-defendant Spenkelink concerns an assertion that certain jurors were improperly excluded from the jury panel from which the jury was selected. The examination of the jurors was recorded by a court reporter. Appellant Spenkelink has never previously requested that the juror examination be transcribed, and in fact his counsel expressly excluded it from being transcribed in his original appeal to this Court. It has now been transcribed and furnished to this Court at the instance of the State.[1] We find the affirmative exclusion by the appellant, coupled with the failure to raise the issue of an alleged systematic exclusion of jurors at the time of the original appeal, waives the right to raise that claim at this stage in these proceedings. Richardson v. State, 247 So.2d 296 (Fla.1971); Wainwright v. Sykes, - U.S. -, 97 S.Ct. 2497, 53 L.Ed.2d 594 (Opinion filed June 23, 1977).
The confession issue is controlled by Wainwright v. Sykes, supra. The remaining issues were presented to the United States Supreme Court and rejected by it in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). They also were *86 presented to the United States Supreme Court when this case was before that court and certiorari was denied on July 6, 1976. Spenkelink v. Florida, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976).
For the reasons expressed, the decision of the trial court is affirmed and the motion for stay of execution is denied. No petition for rehearing will be entertained.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNBERG, HATCHETT and KARL, JJ., concur.
BOYD, ENGLAND and HATCHETT, JJ., concur specially with opinions.

. Although not a basis for our decision, we note that a review of the transcript reflects no violation of the Witherspoon requirement. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).