MELVIN, Judge.
In obedience to the order entered by the Supreme Court of Florida in the case of Nevels v. State of Florida, 364 So.2d 889, wherein certiorari was granted and the cause remanded for further proceedings in this court consistent with the decision of the Supreme Court of Florida recently rendered in Clark v. State, 363 So.2d 331 (1978), we have reviewed our opinion in the light of Clark v. State, and find the same to be in harmony with Clark.
In Clark v. State, above referred to, the Supreme Court, after discussing various cases dealing with reversible error and the impact thereof when the state attorney makes a comment with reference to the defendant’s silence when advised of his Miranda rights and the obligations of the defendant to make appropriate objections and motions at the time of the occurrence of such improper comments, the court applied the “contemporaneous objection” rule. The court observed that the application of such rule will promote the administration of justice in this state.
The court held:
“In reaching this decision, we hold the following:
1. Reversible error occurs in a jury trial when a prosecutor improperly comments upon or elicits an improper comment from a witness concerning the defendant’s exercise of his right to remain silent. Likewise, reversible error occurs when any state, defense or court witness in a jury trial spontaneously volunteers testimony concerning the defendant’s exercise of his right to remain silent.
2. In a non-jury trial, an improper comment concerning the defendant’s exercise of his right to remain silent is not necessarily reversible error, and it may be disregarded by the trial courts; however, it may serve as grounds for appropriate sanctions against the offending prosecutor or witness.
3. No error occurs when defense counsel comments upon or elicits testimony concerning the defendant’s exercise of his right to remain silent. The same is true if defense counsel were to improperly suggest to a friendly witness that he ‘spontaneously’ comment on the defendant’s exercise of his right to remain silent so as to give him a mistrial. A defendant may not make or invite an improper comment and later seek reversal based on that comment.
4. When there is an improper comment, the defendant, if he is offended, has the obligation to object and to request a mistrial. If the defendant does not want a mistrial, he may waive his objection.. The trial may then proceed, but he may not again raise that objection as a point on appeal. If the defendant fails to object or if, after having objected, he does not ask for a mistrial, his silence will be considered an implied waiver. Cf. Spenkelink v. State, 350 So.2d 85 (Fla.1977), cert. den. 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977). The important consideration is that the defendant retain primary control over the course to be followed in the event of such error. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).
5. When an objection and motion for mistrial are made, the trial court must determine whether there was an improper comment on the defendant’s exercise of his right to remain silent. If the court finds that there was not, the objection should be overruled. In that event, the objection is preserved, and if the defendant is convicted, it may be raised as a point on appeal.
6. If the defendant, at the time the improper comment is made, does not move for mistrial, he cannot, after trial, in the event he is convicted, object for the first *519 time on appeal. He will not be allowed to await the outcome of the trial with the expectation that, if he is found guilty, his conviction will be automatically reversed.” (emphasis supplied)
We note from the record in this cause that when the comment of the prosecuting attorney complained of was made, the defendant objected to such comment, but he did not follow through with a motion for a mistrial. Instead, the record reveals that the defendant objected to the officer’s testimony that the defendant elected to remain silent and then requested that “this jury be admonished to disregard that.” Thereupon, the record reveals that the court thoroughly admonished the jury to disregard such comment and that such rights were those that “all of us have, you and I”. The court advised the jury not to consider the matter of the defendant’s silence as having any bearing on the determination of his innocence or his guilt. The court asked counsel if such admonition was sufficient and counsel replied, “I also have a motion that I would like to make at a later time”. After the trial proceeded for some time, the defendant’s counsel decided to make his motion for a mistrial based upon the officer’s comment as to the defendant having elected to remain silent when asked if he wished to make a statement.
We hold that when the improper comment was made, the defendant had the obligation at that time not only to object to the comment but to request a mistrial. He did not meet this obligation by asking the court to admonish the jury to disregard the state attorney’s comment. The defendant elected to permit the trial to proceed for some 18 additional pages of testimony before deciding to move for a mistrial. As we read paragraph number 4, above quoted of the holding of the Supreme Court, if the defendant does not object and request a mistrial but rather elects to request the court to admonish the jury and permits the trial to proceed, he has waived his objection.
We noted in our opinion to which certio-rari has been granted that following the defendant having been thoroughly advised of his right to remain silent, the defendant “blurted out” an unsolicited statement to his girlfriend in a nearby office, “I killed the son of a bitch and I would do it again if I had to”. There can be no reasonable doubt that such voluntary statement by the defendant coming after his statement to the officer that he didn’t want to talk to the officer about the alleged incident was a statement the defendant made knowing that he didn’t have to make any statement to anybody if he didn’t want to.
Having reviewed the case, we hold that the defendant elected to lean upon the admonition of the trial judge to the jury to disregard the officer’s comment as to his silence rather than to move for a mistrial, and having so elected his course of action, he could not later, after having permitted the trial to proceed for some undetermined period of time, effectively move for a mistrial because of such improper prosecutorial comment.
We perceive that the opinion and conclusions reached by this court in Nevels v. State are in harmony with the law and the rulings of the Supreme Court as enunciated in Clark v. State, above referred to. Therefore, the judgment and sentence appealed from are again AFFIRMED.
McCORD, C. J., and BOYER, J., concur.