380 So.2d 1031 (1980)
STATE of Florida, Petitioner,
v.
Marvin Leroy CUMBIE, Respondent.
No. 56014.
Supreme Court of Florida.
February 21, 1980.
*1032 Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for petitioner.
William T. Lassiter, Jr., Jacksonville, for respondent.
ALDERMAN, Justice.
The decision of the District Court of Appeal, First District, in Cumbie v. State, 378 So.2d 1 (Fla. 1st DCA 1978), is before us for review by petition for writ of certiorari because it conflicts with Clark v. State, 363 So.2d 331 (Fla. 1978), and Nevels v. State, 364 So.2d 517 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 470 (Fla. 1979). The issue in this case is: When the trial court sustains the defendant's objection to an improper comment made by the prosecutor during closing argument and admonishes the jury to disregard the improper remark, and defendant does not move for mistrial until after the jury retires for deliberation, is the motion for mistrial timely under the "Contemporaneous Objection and Motion for Mistrial Rule" of Clark v. State and its progeny? We hold that for defendant's motion for mistrial to be timely it should have been made at least by the end of the prosecutor's closing argument.
Cumbie was convicted of assault with intent to commit murder in the first degree and assault with intent to commit rape. In the district court, Cumbie contended the prosecutor, during closing argument, made certain remarks which were so prejudicial as to deny him a fair trial. These challenged remarks are as follows: "The police officers had nothing against this man, they simply get paid to do a job. If he was innocent, they would certainly have cleared him, and if he is guilty, then he has to pay for that, too." The trial court sustained Cumbie's objection to this remark and admonished the jury to disregard it. The prosecutor then proceeded: "Now, we men often times can't appreciate the assault on a body that a woman has to undergo when she is being raped or attempted to be raped, but I think we can think about it and kind of try to imagine, if you think of yourself in a similar situation when some... ." The trial court interrupted the prosecutor and admonished the jury to disregard the remark. The prosecutor then stated: "I say to you that people who are not here are also from the community and the State represents those people, the community itself, and that community asks of you justice in this case. They ask you to return a verdict that speaks the truth; a verdict in this case that represents justice." Cumbie made no trial objection to this remark. After closing arguments and after the jurors had been instructed and placed in the jury room to begin their deliberation, defense counsel moved for mistrial on the basis of these allegedly inflammatory remarks by the prosecutor.
The district court reversed the conviction, concluding that the prosecutor's first comment was unfair and denied Cumbie a fair trial; however, it expressly found that there was substantial evidence to support the jury's verdict. It further held that the prosecutor's "Golden Rule" argument was timely stopped by the trial court and the jury was properly admonished and that, since no objection was raised to his last remark, it was not properly reviewable on appeal.
The State contends that to preserve for appeal his objection to the prosecutor's first remark, Cumbie must not only have objected to the remark but also must have immediately, after making the objection, moved for mistrial. Since Cumbie waited until *1033 after the jury was instructed and had retired for deliberation, the State argues that Cumbie's motion for mistrial came too late to preserve his objection for appeal. Cumbie responds that his case is distinguishable from Clark because he did eventually make a motion for mistrial while no such motion was made in Clark.
Initially, we find that the improper prosecutorial comment in this case did not constitute fundamental error and could have been waived by Cumbie's failure to object and to request a mistrial. We next proceed to determine whether Cumbie's motion for mistrial was timely.
In Clark, we explained the justification for the contemporaneous objection rule and set out specific guidelines for its application. We held:
4. When there is an improper comment, the defendant, if he is offended, has the obligation to object and to request a mistrial. If the defendant does not want a mistrial, he may waive his objection. The trial may then proceed, but he may not again raise that objection as a point on appeal. If the defendant fails to object or if, after having objected, he does not ask for a mistrial, his silence will be considered an implied waiver. Cf. Spenkelink v. State, 350 So.2d 85 (Fla. 1977), cert. den. 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977). The important consideration is that the defendant retain primary control over the course to be followed in the event of such error. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).
5. When an objection and motion for mistrial are made, the trial court must determine whether there was an improper comment on the defendant's exercise of his right to remain silent. If the court finds that there was not, the objection should be overruled. In that event, the objection is preserved, and if the defendant is convicted, it may be raised as a point on appeal.
6. If the defendant, at the time the improper comment is made, does not move for mistrial, he cannot, after trial, in the event he is convicted, object for the first time on appeal. He will not be allowed to await the outcome of the trial with the expectation that, if he is found guilty, his conviction will be automatically reversed.
.....
363 So.2d at 335.
In light of Clark, the district court, in Nevels v. State, held that by failing to move for mistrial at the time he voiced his objection to the prosecutor's comment, defendant waived his objection to the allegedly improper comment. The district court explained:
We note from the record in this cause that when the comment of the prosecuting attorney complained of was made, the defendant objected to such comment, but he did not follow through with a motion for a mistrial.... After the trial proceeded for some time, the defendant's counsel decided to make his motion for a mistrial based upon the officer's comment as to the defendant having elected to remain silent when asked if he wished to make a statement.
We hold that when the improper comment was made, the defendant had the obligation at that time not only to object to the comment but to request a mistrial... .
364 So.2d at 519.
Clark requires that a motion for mistrial be made "at the time the improper comment is made." In the present case, to have met this requirement, we hold that it would have been sufficient if Cumbie had moved for mistrial at some point during closing argument or, at the latest, at the conclusion of the prosecutor's closing argument. To avoid interruption in the continuity of the closing argument and more particularly to afford defendant an opportunity to evaluate the prejudicial nature of the objectionable comments in the context of the total closing argument, we do not impose a strict rule requiring that a motion for mistrial be made in the next breath following the objection to the remark. *1034 Here, Cumbie objected to the prosecutor's comment, and the trial court sustained the objection and instructed the jury to disregard this remark. If Cumbie felt that the judge's admonition was inadequate, he should have informed the judge of this fact at the time of his objection or, at the latest, at the end of the prosecutor's closing argument. The judge then may have been able to give additional curative instructions which may have remedied Cumbie's objection. The motion for mistrial in the present case, made after jury instructions and retirement of the jury for deliberation, however, came too late to preserve Cumbie's objection for appeal.
Additionally, even if we were to consider Cumbie's motion for mistrial on the merits, we would find that it was properly denied and that reversal is not required. When Cumbie objected to the improper comment, the trial court sustained the objection and admonished the jury to disregard the remark. No further curative instruction was requested. From our evaluation of the entire record, we conclude that Cumbie received a fair trial and that the trial court did not abuse its discretion when it denied his motion for mistrial.
Accordingly, the decision of the district court, insofar as it reverses Cumbie's judgment and sentence on the basis of the prosecutor's remark, is quashed, and this cause is remanded with directions to reinstate the conviction and to remand the cause for appropriate sentence consistent with North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).[1]
It is so ordered.
BOYD, OVERTON and McDONALD, JJ., concur.
SUNDBERG, J., concurs specially with an opinion, with which ENGLAND, C.J., concurs.
ADKINS, J., concurs in result only.
SUNDBERG, Justice, concurring specially.
I concur in the judgment in this cause because I, like the majority, find that it was not error to deny the motion for mistrial. Under the circumstances of this case I find no manifest necessity to grant a mistrial, particularly in view of the curative instruction delivered by the trial judge without objection from the defendant as to its content or sufficiency. I do not, however, concur with the arbitrary time limit imposed by the majority for making application for mistrial. The orderly conduct of a trial dictates that there must be some time limitation upon moving for a mistrial. In my estimation, a motion made at any time prior to the retirement of the jury to consider their verdict would be timely if the act objected to occurs during closing arguments. A different standard might apply to acts occurring early in the trial, so as to conserve judicial resources. In any event, the test should be one of reasonableness without placing a premium upon simultaneous utterance of "mistrial" when objection is made to a matter at trial. The purpose of Clark v. State, 363 So.2d 331 (Fla. 1978), would be served by this procedure because the defendant would not be in a position to "sandbag" the court, yet the defendant would have a reasonable period of time to deliberate upon the course that will serve his best interest.
ENGLAND, C.J., concurs.
NOTES
[1] The district court's holding that there was no identifiable conduct on the part of Cumbie occurring after the original sentencing which warranted increased sentencing was not challenged by the State and is not before us for review. After Cumbie's first trial, he was sentenced to two concurrent fifteen-year sentences. But after the third trial, he was given two consecutive fifteen-year sentences. The district court determined that the increased sentence contradicted the principles espoused in North Carolina v. Pearce wherein the Supreme Court of the United States held that the reasons for imposing a more severe sentence after a new trial must affirmatively appear and "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."