PER CURIAM.
Appellant appeals his conviction after trial by jury of disorderly intoxication and resisting arrest with violence and the trial court’s revocation of his probation. We affirm in part and reverse in part.
In his first point on appeal, appellant contends that the evidence was insufficient to support his convictions for disorderly intoxication and resisting arrest with violence. However, we find that the record contains sufficient evidence to support the jury’s conclusions, and we affirm as to that point.
In another point, appellant contends that certain remarks made by the prosecutor in closing argument violated his right to a fair and impartial trial. However, appellant did not move for a mistrial when the allegedly improper comment was made but, instead, waited until after retirement of the jury to make that motion. The motion was untimely, and, therefore, the objection was not properly preserved for appeal. See State v. Cumbie, 380 So.2d 1031 (Fla.1980), and Clark v. State, 363 So.2d 331 (Fla.1978).
Appellant’s remaining point on appeal does have merit. The record shows that on April 18, 1980, an affidavit for violation of probation was filed stating that appellant was in violation because he had failed to comply with Condition II of an order of probation entered on April 24, 1978, requiring that he pay the amount of $10 per month toward his supervision. An amended judgment in the record carrying the same case number as the original order of probation shows that on August 18, 1980, appellant’s probation was revoked, and sentence was entered on his 1978 plea of guilty to battery on a police officer. The only other mention of probation violation in the record is contained at the end of the sentencing hearing for the sentence imposed in the instant case. In that transcript, the court states merely that probation was violated and is revoked and appellant is, therefore, sentenced to five years to run concurrently with the sentence for the current convictions. No further elaboration was made. The court did not state on what basis it was revoking the probation, and it did not give appellant an opportunity to be heard. The record does not show that any evidence was presented in support of the affidavit charging probation violation. Although, on that date, an assistant public defender was representing appellant for the sentencing in the current case, the record does not show that the public defender was representing appellant on the probation revocation charge also. The essential elements necessary in a final revocation proceeding were not met in this case. § 948.-06, Fla.Stat. Also, compare Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Therefore, we reverse the probation revocation and the judgment and sentence based thereon.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.
McCORD, ERVIN and SHAW, JJ., concur.