# BROWN v STATE OF FLORIDA

## Case No. 89-14-AP

Fourth Judicial Circuit, Duval County

August 14, 1989

**APPEARANCES OF COUNSEL**

**James T. Miller,** Assistant Public Defender, for appellant.

**Mitchell A. Stone,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

CLIFFORD B. SHEPARD, Circuit Judge.

*ORDER AFFIRMING GUILTY VERDICT*

The present case is before this Court on Appellant's appeal of his

DUI conviction in the Duval County Court. Appellant bases his appeal on certain improper remarks made by the prosecuting attorney during closing argument. Specifically, the prosecutor stated that he thought the State's key witness, the arresting officer, was a "credible officer." The prosecutor also stated "that all the evidence does prove the defendant guilty beyond a reasonable doubt because if it didn't, then why would the defense work so hard to try to keep it out." The defense counsel's argument was referred to as a "smoke screen" and the prosecutor also cautioned the jury not to be fooled by the "defense's delaying tactics." The defense objected to each of these remarks and the trial court instructed the prosecutor to refrain from such improper comments, however, the defense never requested the court to give any curative instruction to the jury nor did the defense enter a motion for mistrial. The jury returned a guilty verdict.

In Florida, the law is well settled that if a defendant fails to object to prosecutor's improper comment and fails to move for a mistrial at the time the improper comment is made then the defendant impliedly waives his objection. In *Clark v State,* 363 So.2d 331, 335 (Fla. 1978), it was held that:

[w]hen there is an improper comment, the defendant, if he is offended has the obligation to object *and to request a mistrial. . . .* If the defendant fails to object or if, *after having objected,* he does not ask for a mistrial, his silence will be considered an implied waiver. *Id.* (Emphasis added). The *Clark* court further stated that if a defendant does not move for mistrial at the time the improper comment was made then the defendant will not be allowed to await the outcome of the trial and raise his objection on appeal of an unfavorable verdict. *Id.*

The rule of *Clark* was modified slightly in *State v Cumbie,* 380 So.2d 1031 (Fla. 1980), in which the prosecutor made improper comments during his closing argument. In *Cumbie,* the court stated that a motion for mistrial may be made at the conclusion of the prosecutor's closing argument so that the closing argument will not be interrupted and so that defendant may evaluate the prejudicial nature of the improper remarks. *Id.* at 1033.

In light of *Clark* and *Cumbie,* defendant in the present case was obligated to object to any improper remarks made by the prosecutor and move for mistrial at the close of the prosecutor's closing argument. By failing to move for mistrial, defendant impliedly waived his objection to the improper remarks. Having failed to preserve his objection by moving for mistrial, defendant cannot raise his objection on appeal. On this basis alone, the verdict of the trial court must be affirmed.

In regard to the marks made by the prosecutor during his closing argument, there is no question that these remarks were improper argument and highly unprofessional. The court also notes the defense counsel's closing argument was not totally free of improper comments.

Improper conduct aside, the court finds that the prosecution presented overwhelming evidence upon which a jury could have found appellant guilty of driving under the influence of alcohol. Had defense counsel properly preserved his objection to the prosecution's improper comments by requesting a mistrial, a failure to grant a mistrial would have been harmless error and the guilty verdict would stand.

Accordingly, having reviewed the briefs submitted and being fully advised in the premises, it is,

ORDERED AND ADJUDGED:

1. The guilty verdict entered by the trial court is AFFIRMED.

2. Having reviewed the briefs submitted by counsel, oral argument is unnecessary and Appellant's Request for Oral Argument is hereby DENIED.

DONE AND ORDERED in Chambers in Jacksonville, Duval County, Florida this 14th day of August, 1989.