SCHWARTZ, Chief Judge
(specially concurring).
During voir dire, the trial judge, Judge Sepe, excused a potential juror who happened to be an assistant state attorney. In doing so, he made remarks[1] which, while obviously intended only to praise the particular individual, involved, also had the unfortunate effect of implying that cases — perhaps including the instant one — were not prosecuted unless there was sufficient evidence or the person “deserve[d] to be prosecuted.” I agree with the appellant that the remarks, which were wholly unnecessary and gratuitous, should not have been made. See Robinson v. State, 161 So.2d 578 (Fla. 3d DCA 1964); Hamilton v. State, 109 So.2d 422 (Fla. 3d DCA. 1959). Nonetheless, I concur with affirmance because the issue was not timely raised by a contemporaneous objection nor a timely motion for mistrial, see Clark v. State, 363 So.2d 331 (Fla.1978); cf. State v. Cumbie, 380 So.2d 1031 (Fla.1980), and because the error, in the context of the entire trial, was simply harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).

. It's obvious, I am sure to everybody, he really can’t serve.
He is a member of the State Attorney’s office, that’s the prosecuting agent.
Although I know Mr. Bustamante, I know him in his role of evaluating cases and not filing cases against people where for whom there is insufficient evidence.
And not filing cases where he believes or the evidence shows that people are innocent or even dismissing cases where he has made judgments people don’t deserve to be prosecuted.
There is a balance in prosecuting. There is a conflict. He is a member of the prosecuting agency.
The court reluctantly but proudly excuses Mr. Bustamante.