766 So.2d 1228 (2000)
Larry L. WHITE, and Consuella White, his wife, Appellants,
v.
CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, d/b/a CF Motor Freight, a Delaware corporation; and George Dickson, Appellees.
No. 1D99-3143.
District Court of Appeal of Florida, First District.
September 25, 2000.
*1229 James T. Miller, Jacksonville, for Appellants.
Victor M. Halbach, Jr. and L. Johnson Sarber, III, Jacksonville, for Appellees.
JOANOS, J.
Appellant, Larry White, appeals the final judgment and the order denying his motion for new trial with regard to his lawsuit for recovery for injuries he sustained in a motor vehicle collision. The issues presented are (1) the trial court's denial of appellant's motion for mistrial predicated on improper comments made by appellees' counsel during opening statements, (2) the trial court's admission of testimony by appellee George Dickson concerning his past driving practices, and (3) the trial court's comment to the jury concerning appellants' rebuttal testimony. We reverse as to the first issue, making it unnecessary to address the remaining points raised on appeal.
On March 8, 1996, appellants filed a personal injury action in connection with a September 14, 1995, motor vehicle accident which occurred on Interstate Highway 95 (I-95) in Nassau County. Although the named defendants included Bryan Crane, Andrew Oresto, Regina Bradford, George Dickson, and Consolidated Freightways Corporation (CF), this appeal involves only appellees CF and George Dickson, the driver of the CF tractor-trailer rig which allegedly caused this chain reaction accident. According to the parties' pretrial stipulation, the accident occurred in the following manner:
Regina Bradford and Andrew Oresto were southbound on I-95. The vehicle operated by Larry White, in which Carlous Faircloth was a passenger, was proceeding northbound on I-95. The Consolidated Freightways truck was exiting or preparing to exit from a weigh station onto southbound I-95. George Dickson, Jr., as operator of the Consolidated Freightways truck, is alleged to have been negligent in improperly moving towards or into the southbound lanes of I-95 in front of the Oresto and Bradford vehicles. Andrew Oresto is alleged to have been negligent in moving from the right through lane to the left through lane in front of Regina Bradford in response to the movements of the Consolidated Freightways truck. Regina Bradford is alleged to be negligent in speeding or proceeding too fast for the roadway conditions and in failing to control her vehicle in response to the movements of the Oresto and Consolidated Freightways vehicles. Regina Bradford crossed the median and struck the White/Faircloth vehicle in the oncoming lane.
Trial commenced April 27, 1999. During opening statements, appellees' counsel advised the jury thusly:
You'll also hear the testimony of Investigating Highway Patrolman C.C. Barclay who looked at the physical evidence, he talked to everyone who was there; I think the evidence will show that no one claimed that Mr. Dickson had anything to do with this accident at the scene of the accident.
. . . .
After he was there for a while and had told the police officer what he saw, then *1230 he was allowed to proceed with his trip, and Mr. Dickson will tell you that the first time he heard that anybody was claiming that he had anything to do with this accident was long after, months after it occurred.
After the opening statements were completed and the jury was excused from the courtroom, respective counsel for Mr. Oresto, for Ms. Bradford, and for appellant, all moved for a mistrial on the ground that appellees' counsel stated that no one at the accident scene told the investigating officer that Mr. Dickson, CF's driver had anything to do with the accident. Appellant's counsel stated in part:
MR. ATTER: Your Honor, if I may, I would also like to make a similar motion. I was really very surprised when I heard Mr. Halbach make the comment. And the comment that he made was that you'll hear from Officer Barclay that no one at the scene claimed to Officer Barclay that Mr. Dickson was involved in this accident at all....
Officer Barclay, I can go to his deposition, if need be, but he was very clear in his deposition that everything he did at that scene, at that accident, was during the course of an accident investigation, and all comments and all interviews were done accordingly.
The implication is more than just an implication. It is an outright statement that Mr. Dickson couldn't have done anything wrong because no one told the investigating officer he did anything wrong.
Prior to the court's ruling on the motions for mistrial, the following ensued:
THE COURT: It is the plaintiffs' request that I declare a mistrial and you delay the trial for another year; is that right?
MR. PARKS: No, not delay it another year. I don't want that.
THE COURT: Well, you can't get on the calendar for the remainder of this year; I can tell you that.
MR. PARKS: Okay. I've got to make the objection, Your Honor, because I think what the jury is left with is Mr. Dickson didn't get the ticket.
. . . .
MR. BROWN: Your Honor, maybe during the recess we can check with the court reporter.
THE COURT: Why don't we do that and we'll come back in about ten minutes, and we'll decide what to do. To a large extent it is your trial, and if you, the plaintiffs, who are seeking relief in this court, believe that an improper statement was made, then I am inclined to go along with it. So let's come back in about ten minutes.
(Recess)
THE COURT: Back on the record. Let me just make sure that I understand what we're addressing. We have had Mr. Halbach's statement that he made in opening read back, and Florida Statute 316.066 says that no accident report or statements made by any persons at an accident shall be used as evidence in any trial, civil or criminal.
Now is that the basis for the plaintiffs' motion for mistrial?
MR. PARKS: It is.
MR. ATTER: It is on behalf of Mr. White and Mr. Faircloth.
THE COURT: And do the plaintiffs believe that a curative instruction is insufficient for us to go forward with this trial?
With the exception of appellants' counsel, the attorneys accepted the trial court's proposed remedy. However, appellants' counsel stated he did not believe a curative instruction would be sufficient to remove the impression left in the minds of the jurors by the improper statements made by appellees' counsel.[1] Appellants' counsel *1231 agreed that it was the trial court's prerogative to determine whether a curative instruction would be an appropriate remedy, and indicated the language of the proposed instruction was satisfactory. However, appellants' counsel stated expressly that he did not concede that a curative instruction would be sufficient.
The trial court gave the following curative instruction:
THE COURT: ...
Before we begin with the presentation of evidence, I would like to give you an initial instruction from the bench.
During the opening presentation there may have been some mention of statements made to the law enforcement officer who investigated the accident at the scene of the accident. Such statements, if made, cannot be considered by you as evidence, and you shall disregard any mention of statements made at the scene of the accident and decide this case only on the evidence which will be presented to you this week.
The evidence at trial revealed that on the morning of the accident, a flatbed trailer loaded with heavy machinery was parked on the shoulder of the acceleration ramp used by trucks leaving a Nassau County weigh station to enter the southbound traffic of I-95. Appellee Dickson, driver of a CF tractor-trailer rig, went by the parked flatbed truck as he left the weigh station to travel south on I-95. Mr. Oresto, driver of a Ford pickup truck, was traveling south in the right lane of I-95. He testified that as he passed the exit lane of the weigh station, he observed the CF truck cross over the merge lines and come out fast as it moved to enter the traffic flow. Mr. Oresto turned his pickup truck to the left. As he pulled into the left lane of south I-95, he became aware of Ms. Bradford's car already traveling in the left lane. When the Oresto vehicle moved toward Ms. Bradford's vehicle in the right lane, Ms. Bradford turned left to avoid a collision. Within seconds, Ms. Bradford's vehicle went into the grass median, crossed the median, and struck the vehicle being driven by appellant in the north-bound lane of I-95.
The jury found Mr. Oresto to be one hundred percent negligent with regard to the accident and damages incurred by appellants. Appellants filed a motion for new trial, predicated in part on the comments made by appellees' counsel during his opening statement to the jury. The trial court denied the motion, and entered final judgment in favor of appellees CF and George Dickson.
Appellant contends the trial court erred in denying the motion for mistrial. Appellant further contends the comments made by appellees' counsel violated the accident report privilege, and improperly suggested to the jury that the Florida Highway Patrol investigator determined that appellee Dickson was not at fault. Appellants contend the motion for mistrial, made after opening statements were concluded and out of the presence of the jury, satisfied the purposes of the contemporaneous objection rule, and further contend their counsel did not abandon the motion for mistrial, and did not concede the curative instructive would cure the error. Appellants assert the comments were not harmless, because they implied that appellants' witnesses fabricated their testimony that Mr. Dickson's actions caused the chain of events which led to the accident.
*1232 In response, appellees assert the issue was waived, because appellants failed to raise a contemporaneous objection to defense counsel's comments, and did not move for mistrial until the conclusion of all four opening statements, after the jury had been excused. Appellees further contend the trial court indicated the court would declare a mistrial if any party believed a fair trial was not possible in the circumstances. According to appellees, appellants decided against a mistrial rather than wait a year for a new trial date, citing the rule that a party may not allow error to occur and then benefit from the error. Finally, appellees contend the trial court's curative instruction was sufficient.
"[A] trial court's ruling on a motion for mistrial is subject to an abuse of discretion standard of review." See Goodwin v. State, 751 So.2d 537, 546 (Fla. 1999). "Whether a trial court should grant a mistrial is within that court's discretion, and a mistrial should not be granted unless an absolute legal necessity to do so exists." See Ratley v. Batchelor, 599 So.2d 1298, 1302 (Fla. 1st DCA 1991). Cf. Nigro v. Brady, 731 So.2d 54, 56 (Fla. 4th DCA 1999). In reviewing such discretionary act, the appellate court should apply the Canakaris[2] reasonableness test. See Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980).
Here, the argument in support of mistrial concerned opening statements which violated the provisions of section 316.066(4), Florida Statutes (1995). This provision states in pertinent part:
(4) Except as specified in this subsection, each accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal....
The accident report privilege is applicable to civil and criminal trials, and to administrative proceedings. See Department of Highway Safety & Motor Vehicles v. Corbin, 527 So.2d 868 (Fla. 1st DCA), review denied, 534 So.2d 399 (Fla. 1988); Department of Highway Safety & Motor Vehicles v. Perry, 702 So.2d 294 (Fla. 5th DCA 1997). The purpose of the statute is to clothe with statutory immunity the statements and communications that a driver, owner, or occupant of a vehicle is compelled to make in compliance with the statutory duty under section 316.066(1) and (2).[3]See Brackin v. Boles, 452 So.2d 540, 542 (Fla.1984). See also Hoctor v. Tucker, 432 So.2d 1352, 1353 (Fla. 5th DCA 1983).
In such vein, it is well settled that "`questions or allusions which suggest that a driver has or has not been charged with a traffic violation' are considered sufficiently prejudicial to require a new trial." See Golden v. Tipton, 723 So.2d 871 (Fla. 1st DCA 1998), quoting Moore v. Taylor Concrete & Supply Co., 553 So.2d 787, 790 (Fla. 1st DCA 1989). See also Sacred Heart Hospital of Pensacola v. Stone, 650 So.2d 676, 681 (Fla. 1st DCA), review denied, 659 So.2d 1089 (Fla.1995); Hammond v. Jim Hinton Oil Co., Inc., 530 *1233 So.2d 995, 997 (Fla. 1st DCA 1988); Ryder Truck Rental, Inc. v. Johnson, 466 So.2d 1240, 1241 (Fla. 1st DCA 1985); Elsass v. Hankey, 662 So.2d 392 (Fla. 5th DCA 1995); Budget Rent A Car Systems., Inc. v. Jana, 600 So.2d 466 (Fla. 4th DCA), review denied, 606 So.2d 1165 (Fla.1992); Lindos Rent A Car v. Standley, 590 So.2d 1114, 1116 (Fla. 4th DCA 1991).
In Albertson v. Stark, 294 So.2d 698, 699 (Fla. 4th DCA), dismissed, 299 So.2d 602 (Fla.1974), the court explained:
Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers.
In the instant case, the issue regarding denial of appellants' motion for mistrial was properly preserved for review. The motion for mistrial was directed to comments made by counsel for defendants/appellees during opening statements in a consolidated trial on the question of negligence as to three separate defendants. Appellants' counsel moved for mistrial after all four opening statements had been presented, and the jury had been excused from the courtroom. The trial court treated the objection as timely, and ruled upon it. Thus, the purpose of the contemporaneous objection rule was satisfied. See generally, Fincke v. Peeples, 476 So.2d 1319, 1322-23 (Fla. 4th DCA 1985), review denied sub nom. Good Samaritan Hospital v. Peeples, 486 So.2d 596 (Fla.1986). By delaying the motion for mistrial until the jurors had left the courtroom, appellants' counsel avoided further emphasis of the objectionable comments. See, e.g., James v. State, 695 So.2d 1229, 1234 (Fla.), cert. denied, 522 U.S. 1000, 118 S.Ct. 569, 139 L.Ed.2d 409 (1997).
Further, the issue was not waived. The record is clear that appellants' counsel did not agree that the trial court's proposed curative instruction would cure the prejudice. Rather, while recognizing that a grant of mistrial would result in a trial delay which none of the parties wanted, appellants' counsel expressly stated that he did not believe the curative instruction would cure the harm caused by the improper comments.
The nature of this chain reaction accident posed difficult proof problems regarding evaluation of the nature of each party's participation in the chain of events, and the degree of negligence attributable to each participant. The relative placement of all of the vehicles, and the reason for the chain reaction collision, were vigorously disputed. The parties offered competing experts and competing videos, setting forth their respective theories as to the role played by the tractor-trailer rig as the catalyst for the chain of events which culminated in the accident. The statements of appellees' counsel that no one at the scene told the law enforcement officer that the CF driver had anything to do with the accident was improper. The only reasonable inference to be made from such statements is that the CF driver was not charged with any traffic infraction in connection with the accident. We cannot disregard the likelihood that such comments influenced jurors, however subtly, in their determination that Mr. Dickson, the CF driver, bore no responsibility for the chain of events that resulted in the accident and injuries to appellant, Larry White. In the circumstances of this case, we conclude the denial of the motion for mistrial constituted an abuse of discretion.
Accordingly, the final judgment in favor of appellees is reversed, and this cause is remanded with directions to grant appellants a new trial.
PADOVANO and BROWNING, JJ., CONCUR.
NOTES
[1] Appellants' counsel stated in pertinent part:

MR. ATTER: Your Honor, without knowing what the curative instruction may be, I would be inclined to say that I do not think that a curative statement would be sufficient. I think this jury is inevitablyagain, within the context of not knowing what the curative statement or charge would be, I think they're inevitably left with the impression that nobody claimed at the scene of this accident to the person, the person who would be most likely to claim it to, and that is the investigating officer, that Mr. Dickson was involved in any way, shape or form in this accident.
I'm not sure at this point that even the Court saying disregard that would do anything other than reinforce the fact that nobody claimed this to the investigating officer.
I'd have to say, Your Honor, and I regret this more than I can say, that I don't think a curative charge will save the day. I don't know. I mean, I think the Court has indicated our options; if we have a mistrial, we're looking at a year from now. I assume there's not another jury panel we can try to impanel this week. We're ready and here. I have one expert already in town, ready to go.
[2] Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
[3] Section 316.066(1) and (2), Florida Statutes (1995), provides:

316.066 Written reports of accidents.___
(1) The driver of a vehicle which is in any manner involved in an accident resulting in bodily injury to or death of any person or damage to any vehicle or other property in an apparent amount of at least $500 shall, within 10 days after the accident, forward a written report of such accident to the department. However, when the investigating officer has made a written report of the accident pursuant to paragraph (3)(a), no written report need be forwarded to the department by the driver.
(2) The department may require any driver of a vehicle involved in an accident of which written report must be made as provided in this section to file supplemental written reports whenever the original report is insufficient in the opinion of the department and may require witnesses of accidents to render reports to the department.