PER CURIAM.
Appellant, Lorenzo Cole, appeals his convictions for fleeing or attempting to elude a law enforcement officer, driving with license suspended or revoked, and leaving the scene of an accident involving unattended property. Appellant contends that .the trial court,, after sustaining his objection to improper comments made by the State during the State’s closing argument, erred in denying his motion for mistrial as being untimely. We agree and reverse.
The State charged appellant with two counts of battery on a law enforcement officer, one count of depriving an officer of *763 means of communication, one count of driving with license suspended or revoked, one count of leaving the scene of an accident involving unattended property, and one count of felony fleeing or attempting to elude a law enforcement officer. During the jury trial, the State introduced the testimony of two of the officers who arrested appellant. Appellant testified in his own defense and also presented the testimony of two other officers. During the State’s rebuttal closing argument, the prosecutor made the following comments:
It’s all a question, ladies and gentlemen, of who you’re going to believe. That’s what this whole case is about. Are you going to believe the law enforcement officers that took the stand and told you what happened to them or are you going to believe that story he gave you? That’s essentially what you have to think about....
So when you think about these defense questions, you got to think about how does it make sense with the rest of the evidence, and it doesn’t. Who do you believe, the officers or the story?
Appellant objected on the basis of improper argument, and the trial court sustained the objection. At the conclusion of- the State’s rebuttal, the trial court dismissed the jury for a brief recess before giving the jury instructions. Once the jury exited the courtroom, appellant’s counsel moved for a mistrial based on the State’s comments during closing argument. The trial court denied the motion solely on the grounds that it was not timely, noting that a motion for mistrial should have been made at the time that the initial objection was made. Following jury deliberations, appellant was found guilty of the counts of driving with license suspended or revoked, leaving the scene of an accident involving unattended property, and fleeing or attempting to elude a law enforcement officer. Appellant was found not guilty of the two counts of battery on a law enforcement officer and the count of depriving an officer of means of communication. This appeal followed.
Generally, to preserve an issue for appeal based on improper argument, counsel is required to object and request a mistrial. Nixon v. State, 572 So.2d 1336, 1340 (Fla.1990). For a defendant’s motion for mistrial to be timely it must be made at least by the end of the prosecutor’s closing argument. State v. Cumbie, 380 So.2d 1031, 1032 (Fla.1980). In its application of the Cumbie rule, Nixon stated that “a motion for mistrial need not be made in the next breath following the objection to the offensive remark.” Nixon, 572 So.2d at 1340-41. If counsel, after making an objection, fails to request a mistrial, counsel’s silence will be considered an implied waiver. Id. at 1340 (citing Clark v. State, 363 So.2d 331, 335 (Fla.1978), abrogated on other grounds, State v. DiGuilio, 491 So.2d 1129 (Fla.1986)).
In Cumbie, the supreme court was presented with the issue of whether, when the trial court sustains the defendant’s objection to an improper comment made by the prosecutor during the closing argument and admonishes the jury to disregard the improper remark, and the defendant does not move for mistrial until after the jury retires for deliberation, the motion for mistrial is not timely under the contemporaneous objection and motion for mistrial rule as set forth in Clark. Cumbie, 380 So.2d at 1032. The supreme court held that “for a defendant’s motion for mistrial to be timely it should have been made at least by the end of the prosecutor’s closing argument.” Id. The purpose of allowing a delay between the objection to the comment and the motion for mistrial is “[t]o avoid interruption in the continuity of the closing argument and more particularly to *764 afford defendant an opportunity to evaluate the prejudicial nature of the objectionable comments in the context of the total closing argument.” Id. at 1033. Although the appellant in Cumbie made a timely objection to an improper comment made by the prosecutor in closing argument, which the trial court then sustained, he failed to move for a mistrial until after jury instructions and the retirement of the jury for deliberation, which was too late to preserve his objection for appeal. Cumbie, 380 So.2d at 1034.
In the civil context, we have accepted the trial court’s determination that a motion for mistrial was timely when the motion was made after all four opening statements had been presented and the jury had been excused from the courtroom. See White v. Consol. Freightways Corp. of Del., 766 So.2d 1228, 1233 (Fla. 1st DCA 2000). Under those facts, we held that the purpose of the contemporaneous objection rule had been satisfied. Id. Furthermore, by delaying the motion for mistrial until the jurors had left the courtroom, the appellants’ counsel avoided further emphasis of the objectionable comments. Id. (citing James v. State, 695 So.2d 1229, 1234 (Fla.1997)).
In the instant case, appellant’s counsel made a timely objection to the improper prosecutorial closing comment, and the trial court sustained the objection. Appellant’s motion for. mistrial was made immediately following the Statels closing argument while the jury was on recess and prior to the jury being given instructions and retiring for deliberations, thereby satisfying the purpose of the contemporaneous objection rule. See Cumbie, 380 So.2d at 1033-34; compare White, 766 So.2d at 1233 (holding that a motion for mistrial was timely when made at the close of four opening arguments and after the jury had recessed); with DuBoise v. State, 520 So.2d 260, 264 (Fla.1988) (holding that the appellant’s claim that the trial court erred in denying a motion for mistrial was not preserved because the appellant’s counsel did not move for mistrial until after the jury had been instructed and retired for deliberations); Jones v. State, 466 So.2d 293, 295 (Fla. 3d DCA 1985) (holding that the issue of whether the trial court erred in denying mistrial was not preserved when counsel did not move for a mistrial until after the jury had retired for deliberations); Calloway v. State, 409 So.2d 1142, 1143 (Fla. 1st DCA 1982) (same). Therefore, unlike DuBoise, Jones,, and Calloway, because appellant’s counsel moved for mistrial before the jury retired for deliberations and at the first possible moment following the prosecution’s closing argument, appellant’s request for a mistrial was timely. Thus, the trial court erred in failing to consider appellant’s request on its merits.
Although the State has not argued harmless error on appeal, we must consider the possibility that the error complained of was harmless. See, e.g., § 924.051(3), Fla. Stat. (2003) (“A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred”); § 924.33, Fla. Stat. (2003) (“No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant”).
Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence.. The focus is on the effect on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict.... If the appellate court cannot say beyond a rea *765 sonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Williams v. State, 868 So.2d 1189 (Fla.2003) (quoting State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986)). It is impossible for us to determine, on a review of the cold record, what effect the prosecutor’s improper remarks had upon the jury’s deliberation process, particularly as the jury’s task was, essentially, to weigh the testimony of appellant against that of the officers testifying for the State. See Heuss v. State, 687 So.2d 823, 824 (Fla.1996) (noting that “the harmless error test places the burden on the State to prove beyond a reasonable doubt that the error did not contribute to the verdict or, alternatively, that there is no reasonable possibility that the error contributed to the conviction.”); State v. Lee, 531 So.2d 133, 137 (Fla.1988) (noting that “the focus of harmless error analysis must be the effect of the error on the trier of fact.”). We are unable to say that there is no reasonable possibility that the error contributed to the conviction. See Williams, 863 So.2d at 1190; DiGuilio, 491 So.2d at 1135 (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)); Williams v. State, 747 So.2d 474, 475 (Fla. 5th DCA 1999) (“We cannot consider the comment in this case as harmless error because the limited evidence at trial was only the police officers’ testimony versus the defendant’s testimony.”). Accordingly, we are constrained to REVERSE and REMAND for a new trial.
BOOTH, BENTON and LEWIS, JJ., concur.