PALMER, J.
In this medical malpractice action, Evelyn Gatten appeals the trial court’s final order entering judgment in favor of Dr. Lenka Zachar. Gatten has failed to establish harmful error and, accordingly, we affirm.
Gatten sued Dr. Zachar, both individually and as the personal representative of her late husband John’s estate, alleging that Mr. Gatten died as the result of Dr. Zachar’s negligent medical care. The matter went to trial before a jury. Upon review of the evidence presented, the jury returned a verdict finding that there was no negligence on the part of Dr. Zachar which was a legal cause of Mr. Gatten’s death. The trial court entered judgment against Gatten in accordance with the jury’s verdict. This appeal timely followed.
Gatten argues that the trial court reversibly erred in denying her motion for mistrial which was raised following the close of defense counsel’s opening argument. We disagree.
In White v. Consolidated Freightways Corp. of Delaware, 766 So.2d 1228 (Fla. 1st DCA 2000), the First District summarized the applicable standard of review as follows:
“[A] trial court’s ruling on a motion for mistrial is subject to an abuse of discretion standard of review.” See Goodwin v. State, 751 So.2d 537, 546 (Fla.1999). ‘Whether a trial court should grant a mistrial is within that court’s discretion, and a mistrial should not be granted unless an absolute legal necessity to do so exists.” See Ratley v. Batchelor, 599 So.2d 1298, 1302 (Fla. 1st DCA 1991). Cf. Nigro v. Brady, 731 So.2d 54, 56 (Fla. 4th DCA 1999). In reviewing such discretionary act, the appellate court should apply the [Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980) ] reasonableness test. See Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980).
Id. at 1232 (footnote omitted).
Defense counsel began his opening argument by stating:
Ladies and gentlemen, thank you for listening to this case and I want to thank you on behalf of my client, Dr. Zachar, for spending the time throughout this week listening to us. This is a very important time for Dr. Zachar. She is being challenged, her livelihood is being challenged.
*545 (Emphasis added). Plaintiffs counsel immediately objected, stating:
Nobody is challenging her livelihood. That’s totally inappropriate.
The trial court responded:
I agree. The jury will disregard that remark. Livelihood is not being challenged.
Following the close of both opening arguments, plaintiffs counsel made a verbal motion for mistrial stating:
[T]hat comment about attacking livelihood which goes straight to all this publicity about three strikes and you’re out. That was egregious, ain’t even close to appropriate and I don’t think a curative fixes it.
Defense counsel responded by arguing that Ms. Gatten’s lawsuit was in fact a personal attack on Dr. Zaehar’s profession and that his comment just stated the obvious. The trial court denied the mistrial motion, noting:
Well, I don’t think it’s so egregious as to require a mistrial, but I caution y’all that we have talked about this litigation — or, excuse me, legislation and publicity and all those things and try to stay away from that. And, frankly, my sense of that was the comment went more to the three strikes deal than it did to anything else when you’re challenging livelihood.
Ms. Gatten has failed to sustain her burden of proving that the trial court abused its discretion in denying her mistrial motion since she has made no showing that there was “an absolute legal necessity” for the court to grant the motion. See White, 766 So.2d at 1232. The trial court not only sustained plaintiff counsel’s objection to defense counsel’s comment but also issued a contemporaneous curative instruction clearly informing the jury that Dr. Zachar’s livelihood was not being challenged and that the jury was required to disregard defense counsel’s remark.
Although we do not condone the improper statement made by defense counsel, we find no error in the manner in which the trial court dealt with Ms. Gatten’s objection.
AFFIRMED.
PLEUS, C.J., and TORPY, J., concur.